# N. GIDEON NUMSEN ET AL., TRUSTEES, *vs.* SAMUEL H. LYON.

*Bill for Partition or Sale—Necessary Parties—Title of Purchaser—Deed of Trust Creating Equitable Life Estate with Contingent Remainders—Termination of Trust Estate.*

When a person seized of an undivided interest in land conveys his property to a trustee for the use of the grantor for life with a power of disposition by will or deed annexed, and there are contingent legal remainders to his descendants or right heirs, the grantor has merely an equitable life estate. In such case when a bill for the sale of the property for the purpose of partition is filed by the other owners, it is necessary that the trustee under the deed of trust and the descendants of the grantor then living be made parties in order to divest their interest.

When property is conveyed to a trustee to permit the grantor to take the profits during life and at her death for the use of her descendants then living, or in default thereof, for the use of her right heirs, then, upon the death of the grantor, the trust is at an end and the egal estate is vested in the remaindermen.

The owner of a tract of land died intestate, leaving a widow and four children who became seized of undivided interests in the same. The widow conveyed all of her property to R., upon certain trusts. Afterwards Caroline, one of the children conveyed her property to the same trustee, R., in trust, to permit her to take the profits, &c., during her life, and at her death for the use of her descendants then living, and in default of such, to her right heirs, with power to the grantor to devise the property or to convey the same, jointly with the trustee. Subsequently a bill was filed for a sale of the land for the purpose of partition. The parties to the suit were the widow and the children of the deceased owner and R., as trustee under the deed from the widow, but he was not a party as trustee under the deed from Caroline, nor were the children of Caroline then living made parties. Upon a sale of the land under the bill, Caroline received one-fourth of the proceeds of sale, after deduction of the amount allowed in lieu of dower. The validity of the title to the purchaser at that sale was questioned in this case as to Caroline's share. *Held,*

1. That under the deed of trust the legal title to the property was vested in the trustee, while Caroline had an equitable life-estate with a power of disposition annexed and there were contingent remainders of the legal estate in her descendants or right heirs.

2. That in order to bind the interests of the remaindermen under the deed of trust, the children of Caroline and the trustee should have been made parties in the partition suit, and since this was not done, their title was not divested.

3. That the receipt by Caroline of one-fourth of the proceeds of the sale cannot bind the estate in remainder, after her death.

Appeal from an order of the Circuit Court of Baltimore City (DENNIS, J.)

William Numsen, by his will, devised his estate to trustees in trust to make partition, with power, however, to sell any parts and divide the proceeds. The trustees submitted the administration of their trust to the Circuit Court of Baltimore City, and on February 19, 1897, they reported to the Court an agreement to sell at private sale to Samuel H. Lyon for $114,000, a lot of ground in Baltimore City, being the block bounded by Light, German, Grant and Mercer streets. The sale was ratified *nisi*, but the reported purchaser, Lyon, filed exceptions to the final ratification, objecting that the title to part of the ground fronting 30 feet on Mercer street, 30 feet east of Light, and extending back parallel with Light and known as the "King" lot, is defective, affecting very seriously the property as a whole, because the three warehouses fronting on Light street extend back across this "King" lot. After a hearing, the Court sustained the exceptions, and set aside the sale, and the trustees appealed.

The objection was that William Numsen's predecessor in the title did not acquire all the interests in the "King" lot at a trustee's sale in 1865 in the cause of *Busk* v. *King*, and that the length of possession since then has not cured the defect because the persons possibly entitled as not bound by those proceedings can assert no claim, and, in fact, are not ascertained until after the termination of a still existing life-estate. The "King" lot in question belonged in 1854 to the four children of John King, deceased, namely, Caroline King, Junior, Samuel R. King, Mary E. King and Laura E. King, subject to the dower of their mother,

Caroline King, Senior.   Caroline King, Senior, married a second time Thomas Busk, and by deed dated March 9, 1854, she conveyed all her property, including her dower, as the widow of John King, to *John W. Randolph* in trust. The terms of the trust are not material in this connection. Caroline King, Junior, in contemplation of marriage with Edgar G. Taylor, on May 14, 1859, made a deed of all her property in trust, also to John W. Randolph.. This deed recites a general intention that she shall, after the marriage, possess, enjoy and dispose of the property conveyed as though she were sole and unmarried, but she grants it " in trust to permit and suffer her during the term of her natural life to take, hold, use and enjoy the said property, estate and effects, and the rents, issues and profits thereof, for her sole and separate use as a *feme sole*, and at her death for the use of any descendants she may have living at the time of her death, and in default of such for the use of her right heirs, with power, however, to the said Caroline King during her life to devise or bequeath the same or convey the same by deed with the assent of the said trustee, testified by his uniting in the said deed."   It was urged by the exceptant that Caroline cut· herself down to an equitable estate for life, with remainder in fee to her descendants living at her death or her heirs, reserving a power to bar them by a will or a deed made with the express assent and joinder of the trustee, Randolph.   And that this assent and joinder being a personal trust in John W. Randolph (*Powles* v. *Jordan*, 62 Md. 497), after his death this latter part of the power would be gone and she would have only a life-estate with power to devise ; the property would, therefore, be absolutely tied up for her devisees or heirs.

In 1865 the proceeding of *Busk* v. *King* was had for a sale of this King lot and division of the proceeds.   In this case John W. Randolph is made a plaintiff with Caroline Busk as her trustee under her deed to him, which is referred to in the bill and filed as an exhibit, and the only other parties are Caroline (King) Taylor and her brother and

sisters with their husbands. In the bill, testimony and other proceedings, no reference is made to Caroline (King) Taylor's ante-nuptial deed of trust, and her children then living —it being admitted that she then had two—were not made parties. The property was sold to George F. Folks, who joined the trustee in conveying to Henry E. Morton, who two months afterwerds conveyed to William Numsen. One-fourth of the proceeds of sale, less a commutation of the mother's dower, were distributed to Caroline Taylor, who with her husband executed a release therefor.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE and BOYD, JJ. (Nov. 19, 1897).

*Stewart Brown* (with whom was *Arthur George Brown* on the brief), for the appellants.

The property in question proving unproductive, and being incapable of specific partition, Caroline Busk, the widow, Caroline Taylor and Edgar G. Taylor, her husband, Samuel R. King, Mary E. Smith and Nicholas M. Smith, her husband, along with the said John W. Randolph (who was trustee under both the deeds), that is to say, all the persons (except Laura King, the infant defendant), who had any legal or beneficial interest therein, and the right of absolute disposal thereof, came voluntarily as actors into Court, and as against said infant, who was made defendant, asked that the property be sold for the purpose of division. Upon adequate proof a decree was passed for a sale " free, clear and discharged from all claim of the parties complainant and defendant, and those claiming by, from or under them, or either of them." The property was then sold for a full *fee-simple price*, $10,000, far in excess of the sworn appraisement made by competent experts. Still further, upon receipt of the proceeds of sale, one fourth of the net proceeds, after satisfying the widow's dower, was awarded to the said Caroline Taylor in her own right, who with her husband executed a release therefor to the trustee appointed by the decree to make the sale.

These facts establish beyond dispute the intention of Mrs. Taylor, in and by this proceeding, through the intervention of the Court, to dispose of all and every interest she had in the property, as under the power reserved to her she had a right to do. They likewise prove the assent of John W. Randolph (however he may be described in the bill), who, as plaintiff and actor in the proceedings, joined in the application for a sale of the property—necessarily the whole property, including Mrs. Taylor's share—and her appropriation of the purchase money with his knowledge, and therefore with his consent, shows that under the same reserved right and power she meant to end the trust. On any other hypothesis the proceeding would have been a fraud upon the Court and the purchaser, which is not to be presumed. The parties competent to make title being all before the Court, and their intention to make such title by a disposition of all interests they might in any way have, being clearly manifested, we respectfully submit that the said proceeding must be held to be effectual for that purpose.

The contention of the appellee is that Randolph should have been made a party as trustee under the deed from Caroline Taylor. No such rule is applicable to or has ever been applied to a case like the present. Indeed such supposed rule must be subject in equity to the paramount principle of equity, which may be thus stated, viz : That while in case of several capacities in the same person " the respective capacities will be regarded as if distinct individuals," an act will be relegated to or " possession will attach to that capacity in which *of right* the subject *ought* to be held or the act performed." *Phelps' Juridical Eq.* sec. 212. The learned author last referred to in the same section, says : " The origin of the doctrine, which is well settled at law as well as in equity, is distinctly attributed to the maxim that equity regards that as done which of right ought to be done. A trustee, holding a double capacity, cannot act ambiguously and afterwards take advantage of the doubt, and claim that he acted not as trustee, but in some other character."

This statement of the doctrine is fully sustained by the authorities, particularly in *Flickinger* v. *Hull*, 5 Gill, 60–75, where the Court uses the following language (peculiarly applicable to the case at bar), viz : " So also, where having various capacities, he executes an authority delegated to him in one of these capacities, the law will attribute the act to the proper authority, although the person does not profess to exercise it in virtue of that particular power." That case is cited with approval in *State, use Gable,* v. *Cheston,* 51 Md. 352, and the principle now referred to is applied to a state of facts of peculiar significance when considered in connection with the facts and contentions in the present suit. The doctrine is in line with all the authorities, English and American, and in equity is applied in every case where the interests of justice require it ; particularly in cases of title and of the execution of powers. See *Corser* v. *Cartwright*, L. R. 7, H. L. 731; *West of England Bank* v. *Murch*, 23 Ch. D. 138 ; *Wall* v. *Bissell*, 125 U. S. 382–393 (approving the above cases). *Carson* v. *Phelps*, 40 Md. 73–98 ; *Hanson* v. *Worthington*, 12 Md. 418 ; *Kirby* v. *State*, 51 Md. 383 ; *Cavender* v. *Cavender*, 114 U. S. 464, 472 ; *Haugh* v. *Maulsby*, 68 Md. 423–428.

The proceeding in the case of *Busk, etc.*, v. *King*, amounted so far as Mrs. Taylor and her interests are concerned, with the aid and through the intervention of the Court, to a valid and effectual execution of the power of *absolute* disposition, reserved to herself in her said deed. Note the circumstance that in her said deed of marriage settlement, it is recited that, in contemplation of said marriage, the contracting parties had " agreed that certain real and personal estate belonging to the said Caroline King shall be so conveyed in trust that the said Caroline, after her coverture, shall possess, enjoy and *dispose of* the same as though she were *sole* and unmarried." Note again, that on the only possible construction of said deed her descendants could only have a contingent interest in or take at her death what might be left undisposed of by her by deed or will, the absolute power

to convey and the absolute power to will being reserved to her.   Note again, that as the title then stood, the only possible way of making a good title in fee by sale to a purchaser, *on the ground that the property was incapable of partition in specie*, was by the execution of the power of absolute disposition reserved to herself.   When, therefore, we find her uniting with her cotenants, her brother and sisters, in asking the Court *on that ground*, to make such sale and conveyance in her behalf, it is impossible to escape the conclusion that in and by the said proceeding she *intended* to exercise such power, and did in fact, through the Court and through the deed of the trustee, by the Court appointed, convey to the purchaser the absolute fee-simple title to her share.   To hold otherwise, would be to attribute to her not only a fraud on the Court and the purchaser, as we have already said, but a fraud on her cotenants.   This being so, the *intention* being manifest, then we affirm, on all the authorities, that a Court of Equity will unhesitatingly declare that the power was well executed, without regard to the mere form of its execution ; and even if there had been a defect in the mode of execution of the power.   See *Williams on Real Property* [286], where it is said : " If the Courts of *Law* have gone to the very limits of strictness for the benefit of persons entitled in default of appointment, the Court of Chancery on the other hand appears to have overstepped the boundaries of its jurisdiction in favor of the appointee." Citing 7 *Veasey*, 506 ; *Sugden on Powers*, 8th ed. 532. "For if the *intended* appointee be a *purchaser* from the person intending to exercise the power, or a *creditor* of such person, or his *wife* or *child ;* or if the appointment be for a charitable purpose—in any of these cases equity will aid the defective execution of the power. " Citing *Sugden on Powers*, 8th ed. 534, &c. ; 2 *Chance on Powers*, page 488, &c. ; *Lucena* v. *Lucena*, 5 Beav. 249.   Answer in chancery will be sufficient execution.   II *Sugden* [116]; *Carter* v. *Carter*, Marley's R. 365 ; *Fortescue* v. *Gieger*, 5 Veas. 533 ; 1 *Lead. Cases in Equity*, 365.   See also *Phelps' Jurid. Equity*, sec.

199.   II *Sugden on Powers,* 89 to 95, [93] chapter, " De-
fective Execution," where it is said the doctrine is *perfectly
settled,* and that equity aids purchaser, mortgagee, lessee,
creditor, &c.   Also *Story's Equity Juris.* 13th ed., section
169 and note.   See *Tollett* v. *Tollett,* 2 P. Wms. 489, where
the power was executed in favor of a wife by will when it
ought to have been by deed.

   *McHenry Howard,* for the appellee, submitted the cause
on his brief.

   Randolph, as trustee under the deed from Caroline King
Taylor to him, was not a party to the cause of *Busk* v.
*King.*   He sues specially as trustee only in the deed from
Caroline Busk.   *Miller's Equity Jurisprudence,* sec. 83 ;
*Binney's case,* 2 Bland, 108 ;  *Tilley* v. *Tilley,* 2 Bland, 445 ;
*Long* v. *Long,* 62 Md. 33 ;  *Somerson* v. *Vroom,* 42 N. J.
Equity, 290.

   Nor did Caroline (King) Taylor in *Busk* v. *King* invoke
the power of disposition over the property which she had
concurrently with Randolph.   If Laura King, the infant
defendant, had been of age and the parties to that cause
had made a deed in accordance with the facts as to title and
estates set forth in the bill, it would have operated on Car-
oline Taylor's life-estate only, and would not have been an
exercise of the power.   *Ridgely* v. *Cross,* 83 Md. 161.
The assent and joinder of Randolph as trustee in a dispo-
sition of Mrs. Taylor's property (otherwise than by her
will) was not meant to be an empty form.   It was probably
intended to enable him to require a reinvestment of the
proceeds upon the same trusts for the remaindermen.   If
the deed of trust had been before the Court in *Busk* v.
*King,* there might have been such a reinvestment, either by
the Court or by the trustee, Randolph.

   The power of disposition was strictly a power to Mrs.
Taylor and Randolph to convey by deed, and the cause in
equity was not an exercise of it but a resort to the ordinary
jurisdiction of the Court.   At that time the Act of 1862,

chapter 156, was in force, providing for the sale of property
of unborn persons and others in remainder, of which the
present Act of 1868 is a fuller re-enactment, and the suit
should have in conformity with its provisions, coupled with
the " partition " Acts (*Downin* v. *Sprecher*). Mrs. Taylor
had two children who ought to have been parties. The
limitation of the *estate*, as to her original one-fourth, was
complete in herself and her trustee for her life and her de-
visees or descendants in remainder, and the power was no
part of the estate. There was, therefore, not a proper rep-
resentation of the estate and of all the parties in interest.
*Downin* v. *Sprecher*, 35 Md. 474 ; *Long* v. *Long*, 62 Md. 33.

Length of possession since the sale in *Busk* v. *King* can-
not strengthen the Numsen title, because the life-tenant,
Mrs. Taylor, is still alive, and her life-estate passed by the
sale, and no claim can be made against Numsen until her
death. Samuel H. Lyon ought not to be compelled to
take the property—unless under a decision which will be
an effectual bar to any claim against him hereafter.

BRYAN, J., delivered the opinion of the Court.

Nathaniel and William Numsen, trustees under a will,
sold to Samuel H. Lyon a tract of land in the city of Bal-
timore. It was agreed as a condition of the sale that the
title to the property should be in fee-simple and clear of all
incumbrances. The purchaser by appropriate proceedings
excepted in a Court of Equity to the ratification of the sale.
His exceptions were sustained and the sale set aside and
annulled. The trustees appealed.

The title to a portion of the land was derived from a sale
under the decree of a Court of Equity in the case of *Busk
and others* v. *King*, passed in April, eighteen hundred and
sixty-five. The exceptions to the ratification of the sale
allege that this title is defective. John King died seized in
fee of this portion of the land, and it descended to his heirs
subject to the dower of his widow. His children were
four in number. After his death the widow intermarried

with Thomas M. Busk ; and in eighteen hundred and fifty-four they conveyed all of her property of every kind to John W. Randolph upon certain trusts, which are not involved in any question in this case.    In eighteen hundred and fifty-nine Caroline, one of his daughters, in contemplation of marriage with Edgar G. Taylor, conveyed in conjunction with him to the said John W. Randolph all of her property of every kind upon the following trust, that is to say :    " To permit and suffer the said Caroline King during the term of her natural life, to take, ·hold, use and enjoy the said property, estate and effects, and the rents, issues and profits thereof, for her sole and separate use as a *feme sole*, and at her death for the use of any descendants she may have living at the time of her death, and in default of such for the use of her right heirs, with power, however, to the said Caroline King during her life to devise or bequeath the same or convey the same by deed with. the assent of the said trustee testified by his uniting in the same deed. "    Years after the execution of these deeds a bill in equity was filed, which prayed a decree that the land should be sold for the purpose of partition.    The parties to the suit were Caroline Busk, who had a second time become a widow ; John W. Randolph, who is called in the bill " trustee as hereinafter mentioned ;" Taylor and Caroline, his wife ; the three remaining children of John King, deceased, and the husband of. a married daughter.    It was alleged in the bill of complaint that Mrs. Busk and her husband had executed the deed of trust already mentioned to John W. Randolph ; but no allusion was made to the deed of trust executed by Taylor and his wife.    A sale was decreed and made, and Mrs. Taylor received one-fourth of the proceeds of sale, after the deduction of the amount allotted to the widow in lieu of dower.

By the terms of the deed to Randolph, Caroline, Taylor had an equitable life-estate, with a contingent remainder to such descendants as might be living at the time of her death, and if none snch should then be living a remainder was

given to her right heirs.    These remainders were legal and not equitable.    They depended on a contingency with a double aspect ; that is, in the event of her leaving descendants living at the time of her death, their title then vested ; but in the other event of her leaving no living descendants at the time of her death, the title of her right heirs then vested.    One of these contingencies would be sure to occur at the time prescribed ; and only one of them could occur. Caroline had a power to devise this property, or to convey it by deed with the assent of the trustee, which consent was to be testified by his uniting in the deed.    The nature of the estate belonging to Caroline as affected by the power to dispose of it is clearly shown in *Benesch* v. *Clark*, 49 Md. 504.    The Court there says : " Now, it is quite clear, upon all the authorities, that where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate ; and the devisee or legatee takes, not a simple power, but the property absolutely. But where the property is given, as in this case, to a person expressly for life, and there be annexed to such a gift a power of disposition of the reversion, there the rule is different, and the first taker, in such case, takes but an estate for life, with the power annexed    *    *    *    *    This distinction, while it has been said to be a refined one, is, nevertheless, as well established as any in the law ; and Judges and text-writers alike recognize and adopt it as a principle too firmly settled to be questioned."    By the terms of this deed the legal title in fee-simple was granted to Randolph, the trustee.    It was necessary that he should hold it to protect the equitable estate for the sole and separate use of the married woman ; but he had no powers or duties to perform after the vesting of the remainders which were expectant on her death.    Upon the vesting of these estates therefore the legal estate would be executed in the remaindermen.    There is no rule in relation to trusts more fully settled than this.    It is said in *Perry on Trusts*, section 312, that "the intent of the parties is determined by

the scope and extent of the trust. Therefore, the extent of the legal interest of a trustee in an estate given to him in trust is measured, not by the words of inheritance or otherwise, but by the object and extent of the trust upon which the estate is given  *  *  *  *  *  *  Although a legal estate may be limited to a trustee to the fullest extent, as to him and his heirs, yet it shall not be carried farther than the complete execution of the trust necessarily requires." This deed is strikingly like the one in *Ware* v. *Richardson*, 3 Md. 505, where the same construction was made as to the execution of the legal estates as that which we have stated in this case.

It is admitted in the case that at the time of the institution of the equity suit Caroline had two children living and that she has several children living at the present time. Randolph was not made a party to the suit in his capacity as trustee under the deed by Caroline Taylor and her husband. It was not alleged or intimated in any way in the bill of complaint that he held any title for her benefit. The only trust alleged in the bill was distinctly stated to be for the benefit of Caroline Busk under the deed executed by her and her husband. This trust had no connection whatever with the Taylor trust; no more than if a different person had been trustee. There could be no possibility of affecting the Taylor trust by proceedings against the trustee for anything done or intended to be done under the Busk trust. What Randolph might do by virtue of one of these deeds could have no effect on any rights existing under the other deed. But even if Randolph had been made a party as trustee under the Taylor deed, the interests of the remaindermen would not have been bound by the decree. There were two living children of Caroline Taylor who ought to have been made parties. The decree cannot bind persons who were not made parties either personally or by representation. If all the interests in remainder had been represented the decree would have bound them, and it would have been the duty of the Court to order the portion

of the fund distributable to the parties entitled under the Taylor deed to be invested for their benefit. The receipt by Mrs. Taylor of the one-fourth part of the proceeds of sale cannot bind the estate in remainder after her death. The record informs us that she is still living; so no question can arise in regard to the application of the Statute of Limitations. The estate subsequent to hers has not yet vested.

It will be seen that the sale under the decree did not pass a complete title to the land sold under it. We must affirm the order setting aside the sale by the Numsen trustees to Lyon.

*Order affirmed with costs.*