# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 5, 1914.

SUSAN E. PLACIDE

VS.

EDWIN M. WILMER, ET AL.

*Charles F. Stein, John L. Sanford* for plaintiff.

*David Ash* for movants.

DAWKINS, J.—

The several motions and petitions filed in this case can be all discussed and disposed of as one matter so that what I may say will be understood as a disposition of all the questions presented by the Petitions and Motions.

In this case a Bill was filed for the partition or sale of certain ground rents belonging to the plaintiff and the

heirs of Alice B. Wilmer, as tenants in common. The proceedings were carried on in the usual manner and in due course a decree was obtained and the property duly sold and the sale reported to this Court about March 25, 1912, upon which report of sale a notice was published warning all interested of the fact. This sale was ratified on the 24th of April, 1912, no objection having been made to the same. By an agreement filed May 4, 1912, the Court allowed the purchaser to come in after the sale had been ratified and file exceptions to the ratification of the sale, which he did, said exceptions having been filed on May 10, 1912. The sole ground of exception is that one of the defendants, Edwin M. Wilmer, by deed prior to the filing of the suit, conveyed all his right, title and interest in and to the property in the proceedings mentioned to F. Zeilin Wilmer, and that the said F. Zeilin Wilmer did not appear as a party to the case. The purchaser subsequently on January 28, 1913, filed a petition asking that the Trustee be required to proceed to perfect the title by bringing in the parties. The exceptions seem to have been heard, but no order passed on them, either sustaining or overruling them, but on the 18th of February, 1913, a petition was filed by the Plaintiff asking leave to file a Supplemental Bill "for the reasons set out therein and for those discussed at the hearing of the Exceptions referred to therein she wishes to file the Supplemental Bill attached hereto." On the petition (the Bill being attached to it) leave was granted by an order signed the same day, to file a Supplemental Bill.

The Supplemental Bill recited all the facts and proceedings in the case and alleged that F. Zeilin Wilmer (who was not a party to the original Bill) had acquired the title of **Edwin M.** Wilmer and had been collecting rents and that she was bound by the proceedings in this case. In this last Bill it is further alleged that the price obtained for the property was a good one and that the property could not be divided and prayed for the ratification of the sale theretofore made, and asked for a writ of subpoena against the defendants, including F. Zeilin Wilmer. To this Bill the Defendants, Henry P. Wilmer, Harmon V. Morse and Edwin P. Wilmer, filed answer in effect admitting the facts alleged in the bill and consenting to the relief prayed therein. The other defendants, to wit: Edwin M. Wilmer and F. Zeilin Wilmer, did not answer, but asked for and obtained extension of time in which to answer, pending the determination of their several petitions and motions to rescind, leave granted to file Supplemental Bill and to strike the same from the files.

There can be no question but that the Court should be advised of the purposes and objects of a Supplemental Bill at the time that leave is sought to file it, but if the Bill is filed simultaneously with the petition and as a part of it, that requirement would seem to be met.

In this case the leave was granted at the suggestion of the Court, and the Court was fully informed of the reasons for filing it. Could there be any real reason for reciting the purposes in the petition and then in an attached Bill repeat the purposes? Certainly there could be no surprise of any kind occasioned. The Court acted in its discretion after a full knowledge of the facts and granted permission to file the bill. After having exercised this discretion it does not seem proper for this Court even if it had the right to review, when the avowed object is so manifest by attaching the Bill as a part of the petition.

The filing of a Supplemental Bill after a final decree seems to be sanctioned by our Court of Appeals as a means of bringing in omitted parties even after sale has been made (75 Maryland, Handy case). This seems entirely reasonable, because the added party has preserved to him all his rights, that he would have had if he had been made a party to the original Bill, and he can make any objection that he could have made to the original bill. Of course, if the Plaintiff has a right to file the Bill, the other reasons assigned for striking it from the files will fall.

The parties should be the same or in respect to the same title, in the Supplemental Bill as in the original Bill. In this case the same title, the same purpose, the same parties exist, the only variation being that a new interested party is added, who was omitted by inadvertence or neglect, by making her a party she is not injured.

If the Plaintiff is entitled to file the bill, he surely has the right to all the

matters stated in it, although he may be put to the proof of them.

Whether the parties to either the original bill or to the supplemental bill are proper ones it does not seem proper for this court now to determine, nor does it seem necessary in disposing of these motions to determine whether they are co-owners as contemplated by the Code. The allegations of the bill seem to fix that relation, and that confers jurisdiction. If a contrary state of facts exists it will have to be raised in another way. The jurisdictional facts are in my opinion sufficiently stated. I have read with a great deal of interest the very able and ingenious brief of the defendants' counsel and have examined the authorities cited as well as the limited time at my command has permitted.

As F. Zeilin Wilmer has taken a deed and collected rents from the property under color of title, it does seem that without passing upon her title that she is a proper party to the proceedings, but conceding the title acquired by her under the deed there could be little doubt as to this (87 Md. 31, Numsen vs. Lyons).

This observation is made without considering (as I have no right to consider) the litigation between this plaintiff and one or more of the defendants. The plaintiff should not be precluded from bringing a necessary party into this case, because counsel who conducted proceedings may have failed to discover the conveyance to F. Zeilin Wilmer. With the deed in effect there would seem to be an interest that the plaintiff must recognize. I do not fail to see the inconsistent position in which the plaintiff seems to place herself in making this new party, but as the only real purpose is manifest, I think it should be permitted.

This supplemental bill is merely an addition to the original bill, in order to supply some defect in its frame or construction or to add necessary parties. It does not vary the principle of the decree, but merely seeks to supply the omission in it. Edwin M. Wilmer allowed a pro confesso decree to go against him in the case without objection, now the purchaser in view of the conveyance to F. Zeilin Wilmer suggests that she is a part owner and consequently a necessary party why should she not be brought in and be required to say whether or not she is?

She can be fully protected from paying costs if she should show she has improperly been made a party. If she has an interest jointly with the others it would certainly be proper for her to answer this bill and allow the proceedings to be consummated so that the property may be sold.

The motions to strike from the files the supplemental bill, etc., will therefore be overruled.