# CHARLES S. BACHTELL, ET AL.

*vs.*

# FRANKLIN M. BACHTELL.

*Testamentary Power—In Life Tenant—Construction.*

Where testator gave by the will all his property to his wife for her life, with full power to sell or otherwise dispose thereof as she might deem best, and provided that the residue remaining at her death should be distributed among her children, the power of disposition given the wife is to be regarded as intended to apply only to her life estate, and not as enabling her to divest the interests of the children. pp. 478-481

A will which gives in express terms an estate for life, with a power of disposition annexed, with remainder over, is not to be construed as enabling the life tenant to dispose of the reversion and thereby to deprive the remainderman of his interest, unless such a purpose is clearly manifested. p. 479

*Decided January 13th, 1920.*

Appeal from the Circuit Court for Washington County, in Equity (POFFENBERGER, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and ADKINS, JJ.

*Frank G. Wagaman,* for the appellants, submitted the cause on brief.

*Harry Brindle,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

Benjamin F. Bachtell, of Washington County, Maryland, died in February, 1914, seized and possessed of two parcels of land in said County, consisting of a dwelling house and

about three acres of land, near Smithsburg, where he and his family resided, and an adjoining parcel of mountain land, referred to in the evidence as a "mountain lot," containing about fifteen acres.

The decedent was survived by his widow, Catherine Bachtell, and two children, Mary E. Delauder and Charles S. Bachtell, who were living with him at the time of his death, and another son, Franklin M. Bachtell, who resided in Smithsburg, Maryland, and by his last will and testament, which was executed in November, 1910, and which, after his death, was duly admitted to probate by the Orphans' Court of Washington County, he disposed of his estate as follows:

"1. After the payment of all my just debts and funeral expenses, I give, devise and bequeath all my estate, whether real, personal or mixed and wheresoever situated, to my wife, Catherine Bachtell, for and during her natural life, with full power and authority to sell, mortgage, lease or otherwise dispose of at such times and under such circumstances which she may deem best, and to reinvest the net proceeds thereof solely in her own discretion, and the residue of my estate left remaining at the time of the death of my said wife, I will and direct shall be distributed to my children then living and to the issue of my child or children which may then be deceased, as tenants in common, the issue of said deceased children to take *per stirpes* and not *per capita,* only the share of the respective shares which the parent or respective parents, if living, would have taken."

By the second clause of his will the testator appointed his three children executors, "with full power and authority to sell or otherwise dispose of all my said estate left remaining at the time of the death of my said wife," and it is stated in the opinion of the Court below that they gave bond and entered upon the discharge of their duties as executors, and stated an account in the Orphans' Court.

After the death of the testator, Mrs. Delauder, who was a widow, and Charles S. Bachtell continued to live with their mother, Catherine Bachtell, and on June 30th, 1915, about a year after the testator's death, she conveyed to them, "or the survivors of them, in fee-simple," all the real estate of the decedent. The deed recites that it was made "for and in consideration of the sum of ten dollars ($10.00), * * * and the further consideration of certain services rendered" the grantor by the grantees, and after describing the two parcels of land conveyed, the deed refers to them as "Being the same property which was devised to the said Catherine Bachtell with power of sale by the last will and testament of the said Benjamin F. Bachtell.

Mrs. Bachtell died in the spring of 1918, and after her death the appellee, Franklin M. Bachtell, learned of the conveyance of the property by her to his brother and sister, and on the 26th of April, 1918, he, as "executor and devisee," filed in the Circuit Court for Washington County the bill of complaint in this case against Charles S. Bachtell and his wife and Mary E. Delauder, alleging that Catherine Bachtell had no authority to make such conveyance, that the deed was executed at a time when she, by reason of her age and sickness, was incapable of making a valid deed or contract, and that it was procured by the exercise of undue influence upon her by the said Charles S. Bachtell and Mary E. Delauder. The bill prayed that the deed be set aside, that a trustee be appointed to sell the property and that the proceeds of sale be disposed of in accordance with the will of Benjamin F. Bachtell.

Mrs. Delauder and Charles S. Bachtell answered the bill, asserting that Catherine Bachtell was authorized by the will to make said deed, denying that she was incapable of executing a valid deed or contract, and that the same was procured by undue influence, and alleging that the deed was the "free, voluntary and unconstrained act of the said Catherine

Bachtell in payment for the many services rendered to her by these defendants."

The plaintiff produced evidence to show that Mrs. De-lauder was a widow, and had been living with her father and mother for a number of years before her father's death; that after her husband's death Mrs. Delauder was paid wages by her father; that Charles S. Bachtell and his daughter went to his father's to live about three or four years before his death; that after the death of the testator the defendants continued to live with their mother on the property devised to her by their father, until her death in the spring of 1918; that Mrs. Bachtell enjoyed good health until the last year of her life; that the testator was sixty-six years old when he died, and that Mrs. Bachtell at the time of her death was eighty-four years of age. The defendants offered no evi-dence, and the Court below held that the fact that Mrs. Bach-tell, by the deed in question, conveyed to the defendants all the property she had, and thereby stripped herself, more than three years before her death, of her only means of support was, under the circumstances, sufficient to arouse the sus-picion of a court of equity and to impose upon the defend-ants the burden of showing the consideration for the deed, "the fairness of the transaction" and the "absence of undue influence." A decree was accordingly passed declaring the deed null and void and setting it aside, and this appeal is from that decree.

In the view we take of the case it is not necessary to de-termine whether the deed to the appellants should be set aside for the reasons stated in the opinion of the learned Court below. The evident intention of the testator as ex-pressed in his will was to provide for his wife during her life and to give the remainder of his estate after her death to his three children. The devise and bequest to his wife of all his estate was expressly declared to be "for and during her natural life." The superadded power given her to sell and dispose of the property did not convert her life estate

into a fee-simple estate, for that would have been contrary to the express intention of the testator, and if the will had stopped there she would have taken a life estate only, with the power of disposition annexed. But the will in the same clause also expressly provided that after the death of his wife the residue of his estate should go to his three children. With the purpose of the testator to give his wife only a life estate in his property, and to give the *remainder* to his three children, thus clearly expressed, it is evident that he could not have intended to confer upon his wife the power to dispose of that remainder. In order therefore to give effect to both provisions of the will—the one in favor of the testator's wife, and the other in favor of his children—the will should be so construed as to limit the power of disposition given to the life tenant to only such disposition as a tenant for life may make, that is, of the life estate. This is the rule that has been adopted and applied in this State. In the case of *Russell* v. *Werntz*, 88 Md. 210, the will, after a bequest to the testator's son of $800.00 to be paid out of a policy of life insurance, contained the following provision:

"Item Second. I bequeath unto my present wife, Virginia Russell, all the residue of my estate, including all my property, both real, personal and mixed, to have and to hold and dispose *off* (*sic*) as she may see fit, while she remains single, and at her death or marriage, the remaining property is to be equally divided between my two daughters, Grace A. Russell and Jessie V. Russell."

In disposing of that case the Court said: "At the time of making his will the testator had three children, one his son by a former marriage, the others, two daughters by the last marriage. * * * There is an evident purpose on the part of the testator to remember and provide for each member of his family. By the first paragraph he bequeaths to his son a sum of money, and explains why he had not left him more of his estate. The entire residue he devotes to the uses of his wife

and her two children. As to them, his primary object was to provide for his wife during her life, provided she remained his widow. * * * It also seems clear to us that he desired his children to take the estate after the interest of the widow had terminated by marriage or death. * * * Can it be entertained for an instant that he intended to modify the whole plan, by conferring upon his widow a power of disposition of the reversion whereby she could defeat the rights of her daughters, appropriate the estate to her own uses, bequeath or devise it at will, and defy the wish of her husband, that she should retain the estate only so long as she remained unmarried? The possession of such a power would be inconsistent with and would defeat every intent expressed in or to be gathered from the will. * * * All the clauses and every word in the will should receive such a construction as that, while effect is given to each, they are all made to harmonize with each other, so as to reach the general plan or scope of the entire will. * * * The principle we now apply is, that where a testator has given in express terms an estate for life with the power of disposition annexed, with remainder over, the words conferring the power, though absolute, may be qualified by restraining words connected with and explaining them, so as to confer only such absolute disposal as a tenant for life may make. In such case a power to dispose of the reversion and thereby deprive the remainderman of his interest, would be wholly inconsistent with the intent to grant an estate not to endure beyond life, and it should be so held, unless there is a clear purpose manifested in the will, that the power shall extend to the disposal of the reversion."

In the case of *In re Bauernschmidt's Estate*, 97 Md. 35, the will contained the following provisions:

"Item. I give, devise and bequeath unto my wife, Margaretha Bauernschmidt, all the rest, residue and remainder of my estate, of which I shall die possessed or be entitled to, of every kind and wherever situated, for the full term of her natural life, with full power to her hereby granted, to sell, mortgage, lease, transfer

and due conveyance make of said property or of any part thereof, in her sole name and to invest and re-invest the said property and the rents, profits and revenues thereof, and otherwise in any manner to change, dispose of, use and deal, with the said property and the rents, profits and revenues thereof, for her sole benefit and at her sole discretion as fully as I could do. * * *

. "Item. At and upon the death of my said wife, and after the payment of her just debts and funeral expenses out of any part of the estate which shall come into the hands of the trustees hereinafter named, then and on the happening of that event, I give, devise and bequeath all the rest, residue and remainder of my said estate, then being unto John Bauernschmidt and Sarah Bauernschmidt, and the survivors of them, in trust and confidence, nevertheless, for the following trust uses and purpose, to wit," etc.

In that case the power given the wife to sell and dispose of the property devised and bequeathed to her for life was conferred in terms equally as broad and comprehensive as the terms used in the will now under consideration, but this Court, speaking through CHIEF JUDGE McSHERRY, said: "Not only is the interpretation insisted on by the appellants at variance with the whole scheme of the will, but it is in conflict with adjudged cases as will be seen in a moment. In order to maintain in its integrity the entire will, to keep its chief and most important provisions in harmony and to give effect to the testator's obvious intention to preserve an exact equality amongst his children in the distribution of his large estate, the superadded power must be construed to be co-extensive with the life estate and to be no wider; and, therefore, it must be held that it conferred upon the life tenant authority to dispose of the life estate given to her, and this, and this only, she was authorized to do as fully as the testator could have done." In answer to the contention of the appellants, he said further: "We have said that much stress was laid upon the words 'then being,' and upon the words 'property

remaining' as indicating that the power of disposal was broad enough to include the right to convey away to strangers the *corpus* of the estate and as denoting an intention to include in the *residuum* only such portion of the property as had not been disposed of by the life tenant. But a correct reading of the will does not justify the contention." After stating what the testator must have meant by the use of such terms, he said: "He did not mean to imply that the life tenant could at her mere whim or pleasure cut down the remainder or divert the *corpus* of his estate, because such a power 'would be wholly inconsistent with the intent to grant an estate not to endure beyond life.' "

The appellant in the case at bar, as did the appellant in *Russell* v. *Werntz, supra,* relied upon the cases of *Benesch* v. *Clark,* 49 Md. 497 and *Foos* v. *Scarf,* 55 Md. 301, where the Court said, "that where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate; and the devisee or legatee takes, not a simple power, but the property absolutely. But where the property is given, as in this case, to a person expressly for life, and there be annexed to such a gift a power of disposition of the reversion, there the rule is different, and the first taker, in such case, takes but an estate for life, with the power annexed." In neither of those cases, however, was there a devise of a remainder after the termination of the life estate, and the Court was construing wills giving the life tenant power to dispose of the reversion. In *Russell* v. *Werntz, supra,* the Court in reference to these cases said: "Counsel for the appellant has relied strongly on the cases of *Benesch* v. *Clarke,* 49 Md. 504, and *Foos* v. *Scarf,* 55 Md. 310. The propositions announced in those cases we do not question. They affirm that when an estate is given generally, with power of disposition, the devisee or legatee takes a fee; but when the property is given for life expressly, and there be annexed 'a power of disposition of the *reversion,*' the first taker takes but a life estate with the power annexed. These

câses differ from the case at bar in the fact that here there has been given no power to dispose of the reversion, but only a power to dispose of the interest that the widow took under the will; that is to say, of the life estate." In addition to the cases from which we have quoted, the cases of *Brady* v. *Brady,* 78 Md. 461, and *Smith* v. *Bell,* 6 Peters (U. S.) 68, may be cited in support of the view stated.

In the present case the deed in question was executed about a year after the testator's death, and was made in considera- tion of services the appellants had "rendered" Mrs. Bachtell. It was therefore practically an attempt by Mrs. Bachtell to *give* the testator's estate to *two* of his children when his will expressly provided that it should be equally divided between the three.

For the reasons stated we hold that the power given Mrs. Bachtell to dispose of the testator's property was limited to her life estate therein; that she had no power to cut down, extinguish or dispose of the remainders created by the will in favor of the testator's three children, and that to the ex- tent that she attempted by the deed in question to convey to the appellants the property therein mentioned "in fee sim- ple" the deed is null and void. The decree of the Court below must therefore be affirmed.

*Decree affirmed, with costs.*