## HENRY MADLER *v.* MARY E. GUNTHER.

### [No. 43, January Term, 1928.]

*Decided April 5th, 1928.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Emil Budnitz,* with whom was *Emil A. Budnitz* on the brief, for the appellant.

*R. E. Lee Young,* for the appellee.

Pattison, J., delivered the opinion of the Court.

The appellee, Mary E. Gunther, sold unto the appellant, Henry Madler, the leasehold property known as No. 737 W. Saratoga Street at and for the sum of two thousand dollars, of which sum one hundred dollars was paid in cash and the balance was to be paid in sixty days thereafter, and when paid the appellee was to "convey the property by a good

and merchantable title to the vendee." The appellant refused to pay the balance of the purchase money on the ground that the appellee was not the holder of a marketable title to said property, and could not convey such title to him.

The appellee filed her bill in the Circuit Court of Baltimore City, in which she alleged she held a marketable title to the property, and was ready and willing to convey the same to the appellant upon his paying the balance of the purchase money therefor, but he refused to pay the same, and she asked therein for specific performance of the contract by the appellant. The bill was answered by the appellant denying the ability of the appellee to convey to him a marketable title to the property for the reason already stated, and, with his answer, filed the deed by which the appellee acquired the property.

In this deed the property was granted unto one "Elsie Gunther, trustee, her successors and assigns, * * * in trust to permit Mary E. Gunther for and during the term of her natural life to occupy said premises, collect the rent and income thereof and apply the same to her own use and upon the death of the said Mary E. Gunther to convey said property to Elsie Gunther, Anna E. Gunther and Mary M. Franklin as tenants in common absolutely, provided, however, that Mary E. Gunther during her life shall have full power without the assent of her husband to sell and convey said property absolutely and to mortgage said property and to execute deeds and mortgages in the usual form in Baltimore City, for the purpose of exercising this power, and to apply the proceeds thereof to her own use absolutely and provided further that said Mary E. Gunther shall have full power to dispose of said property by a will without the assent of her husband."

Whether the appellee can convey a marketable title to said property depends upon the proper construction of the language of the deed. The court below, by its construction of that language, held that she could convey a marketable title to the property, and decreed specific performance of the contract. From that decree this appeal was taken.

In *Benesch v. Clark,* 49 Md. 497, Bramble, the testator, devised and bequeathed to his wife, provided she remained unmarried, certain property in the City of Baltimore, including two houses and lots on the north side of Monument Street. In respect to the last named properties, the will provided that they should "be disposed with as my said wife sees fit, at her decease; and also I give and bequeath unto my said wife all my property, real, presonal and mixed, of every description, debts and demands, due to or in anywise belonging to me, she, my said wife, to have and to hold all the same, for her benefit, maintenance and comfort during her life."

The wife was appointed sole exceutrix of the will, and she administered the estate and died without having married again. She made no attempt to dispose of the houses and lots on Monument Street by last will and testament; but one of these lots, No. 230 E. Monument Street, a leasehold property, she by deed of assignment conveyed to Charles H. Hall, and in the deed she referred to her husband's will as the source of her title and right to convey. The assignment conveyed the entire residue of the unexpired term with the right of renewal from time to time forever. Immediately after the death of Mrs. Bramble, Hall, the assignee of the term, entered and took possession of the premises. Thereafter, letters of administration *de bonis non cum testamento annexo* were granted to one Clark, the appellee. He took the position that the sale and assignment to Hall was not a valid exercise of the power conferred upon her by the will and, as administrator, sold and reported the sale of the lot to the orphans' court. The purchaser, Benesch, the appellant, excepted to the ratification of the sale and, his exceptions being overruled, the case came to this court on appeal.

It was contended by the appellant that Mrs. Bramble took under her husband's will the entire and absolute estate in the term, subject only to the condition of her remaining in a state of widowhood, and consequently the deed of assignment to Hall was effective as a valid conveyance of the

interest and estate of Mrs. Bramble. The court, however, repudiated this contention, saying:

"As will be observed, the gift of the lots by the testator to his wife was, in the first place, by general and indefinite terms, provided she remain his widow; but in the latter part of the same clause of the will, he expressly declares that all his property, of every kind and description, should be taken and held by his wife for her benefit during life.

"Now, it is quite clear, upon all the authorities, that where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate; and the devisee or legatee takes, not a simple power, but the property absolutely. But where the property is given, as in this case, to a person expressly for life, and there be annexed to such a gift a power of disposition of the reversion, there the rule is different, and the first taker, in such case, takes but an estate for life, with the power annexed; and if the person so taking fails to execute the power and thus dispose of the reversion, it goes, where there is no gift or devise over, to the heir or next of kin of the testator, according to the nature of the property.

"This distinction, while it has been said to be a refined one, is, nevertheless, as well established as any in the law; and judges and text writers alike recognize and adopt it as a principle too firmly settled to be questioned. *Anon*, 3 *Leon.* 71; *Tomlinson v. Dighton*, 1 P. Wms. 149, 171; *Bradley v. Westcott*, 13 Ves. 445, 453; *Jackson v. Coleman*, 2 John. 391; *Jackson v. Robbins*, 16 John. 587, 588; *Flintham's Appeal*, 11 S. & R. 23, 24; 1 *Sugd on Pow.* 122-126; 4 *Kent*, 535, 536.

"It is therefore clear that Mrs. Bramble took but a life estate in the lots devised, subject to the condition of remaining a widow."

See *Foos v. Scarf*, 55 Md. 304; *Numsen v. Lyon*, 87 Md. 41; *Scott v. Keane*, 87 Md. 718; *Bentz v. Maryland Bible Society*, 86 Md. 114; *Bachtell v. Bachtell*, 135 Md. 474; *Cadle v. Cadle*, 152 Md. 459.

The court then took up for its consideration the question whether the power of disposition annexed to the estate devised was well executed by the deed of assignment to Hall.

The contention of the appellee Clark was that the deed of assignment could only operate upon her conditional life estate acquired by her husband's will, which is the contention of the appellant in the case before us. The court, in refusing to accept Clark's contentions said, "the deed not only refers to the subject of the power, but to the will, the source of the right or power to convey. Having but a life estate, subject to the condition of widowhood, Mrs. Bramble was competent to convey or assign that interest; but, from the terms of the deed of assignment, it is very manifest that she designed to transfer more than her own life estate to Hall. By the express terms of the deed, the whole unexpired leasehold term, with the right of renewal was conveyed; and if this assignment be not effective to execute the power, it has wholly failed of effect since the death of Mrs. Bramble. This was certainly not the intention of the parties to the instrument. Mrs. Bramble intended, manifestly, to exercise all the disposing power that she had over the subject matter. * * * Upon the whole, we are of opinion that Mrs. Bramble took but a life estate in the lots on Monument Street, devised to her by her husband's will, with power of disposition; and that the power, as to lot No. 230 East Monument Street, has been effectually executed by the deed of assignment to Hall. The sale, therefore, to the appellant was without legal authority, and he should not be held to comply with the terms of sale. There was, therefore, error in the order of the orphans' court in overruling the exceptions of the appellant, and ratifying the sale."

The appellant in this case, in support of his contention that the appellee under the power conferred upon her by the deed can grant only a life estate, and not an absolute estate, in the property mentioned and described in the deed, cites the cases of *Russell v. Wernlz,* 88 Md. 210; *In Re Bauernschmidt's Estate,* 97 Md. 35, and *Bachtell v. Bachtell,* 135 Md. 474. The question in these cases was whether the recip-

ient of the power was authorized to grant an absolute estate or only the estate he or she took under the will. This question was determined by ascertaining the intention of the testator, and it was found from the language used in each of said wills, considered in connection with all the facts and circumstances, existing at the time of its execution, throwing any light upon the intention of the testator in relation to such power, that it was not the intention of the testator to confer upon the recipient of the power the authority to convey an absolute estate in the property mentioned in the will, but only such estate as he or she took thereunder.

In *Russell v. Werntz, supra,* the testator bequeathed unto his wife the residue of his estate, including all of his properay, real, personal and mixed, "to have and to hold and dispose of as she may see fit, while she remains single, and at her death or marriage, the remaining property is to be equally divided between my two daughters, Grace A. Russell and Jessie V. Russell." The court there said: "the limitation is in express words 'at her death or marriage, etc.' The property is to go to the two daughters. If the words just referred to were all the devise contained, there could be no question as to the proper construction of the paragraph, but there are others; the language is: 'I bequeath all the residue of my estate, real, personal or mixed, to have and to hold and dispose of as she may see fit while she remains single, and at her death or marriage, etc.' These words are very broad, but they are not clear; do they confer upon the widow a power to dispose of the property for the period she should remain single; or a power while she remains single to dispose of the whole estate, including the reversion? The language employed may imply the one or the other, and, that being so, we must inquire what were the purposes the testator had in mind when he wrote his will, and from his language, when considered in the light of these purposes, ascertain his intention; for after all upon his intention, legally and properly ascertained, must depend the scope of the power."

The court, after stating the facts in connection with the execution of the will, from which the intention and purpose of the testator could be gathered, held that the power conferred upon the wife went no further than to authorize and empower her to sell and convey for the period she should remain single, and gave her no power while she remained single to dispose of the whole estate.

In *Bachtell v. Bachtell, supra,* this court said: "The evident intention of the testator as expressed in his will was to provide for his wife during her life and to give the remainder of his estate after her death to his three children. The devise and bequest to his wife of all his estate was expressly declared to be 'for and during her natural life.' The superadded power given her to sell and dispose of the property did not convert her life estate into a fee simple estate * * * and if the will had stopped there, she would have taken a life estate only with the power of disposition annexed. But the will in the same clause also expressly provided that after the death of his wife, the residue of his estate should go to his three children. With the purpose of the testator to give his wife only a life estate in his property, and to give the remainder to his three children, thus clearly expressed, it is evident that he could not have intended to confer upon his wife the power to dispose of that remainder. In order, therefore to give effect to both provisions of the will—the one in favor of the testator's wife, and the other in favor of his children—the will should be so construed as to limit the power of disposition given to the life tenant to only such disposition as the tenant for life may make, that is, of the life estate." In that case as well as in *Re Bauernschmidt's Estate,* it was held that the language used in the will, and the facts and conditions existing at the time of its execution, as well as the whole scheme of the will, were repugnant to the existence of a power conferred upon the life tenant to convey an absolute interest in the property.

In the present case, Mary E. Gunther was permitted for and during the term of her natural life, to occupy the prop-

erty or premises, collect the rent and income thereof, and apply the same to her own use, though, upon her death, the deed directed the trustee to convey said property to those named in the deed, but such direction was conditional, as shown by the deed. For notwithstanding such direction, she was to have full power, as subsequently provided by the deed, to sell and convey said property absolutely, and to mortgage the same for the purpose of exercising that power, "and to apply the proceeds thereof to her own use absolutely and provided further" that she "should have full power to dispose of said property by will." The conveyance of the property to those named in the deed was conditional upon the failure of Mary E. Gunther to exercise the power of disposition contained in the deed.

In *McLaughlin v. Fleming*, 124 Md. 28, a case very much like the one now before us, where the will of the wife conferred upon the husband, to whom a life estate had been devised therein, the power to sell and convey the property devised either by deed or will, this court said: "It surely will not be contended that the property he was authorized to dispose of by last will and testament was only his life estate in the lands and property that were devised and bequeathed to him, for this he could not have disposed of by will, as such estate terminated at his death."

Mary E. Gunther, in our opinion, took under the deed, in this case, as was intended by the grantors, a life estate in the leasehold property therein mentioned, with power annexed, by deed or will, to dispose of the same, subject only to the ground rent thereon, and she, in the sale and conveyance of the property, properly exercised the power so conferred upon her.

This being so, we will affirm the decree of the lower court requiring specific performance.

*Decree affirmed, with costs.*