ISAAC BENESCH *vs.* EDWARD J. CLARK and TYSON BRAMBLE, Administrators d. b. n. c. t. a. of NATHAN BRAMBLE.

*Wills—General Devises, with power of disposition, carry entire estate—Devises for life, with power of disposition, carry only life estate, with power annexed—Power of disposing of Reversion after life estate how to be executed.*

N B. died in 1847, leaving a last will and testament whereby he devised to M. B., his widow, certain real estate in Baltimore city, consisting of houses and lots, naming and locating each house and lot so devised, and as to two of the houses and lots he made this provision :—" the two houses and lots on Monument St. to be disposed with as my said wife sees fit, at her decease " Following the said devises was this general devise and bequest,— " and also I give and bequeath unto my said wife *all* my property, real, personal and mixed, of every description, to have and to hold for her benefit, maintenance and comfort, *during her life.* One of the Monument street lots, being leasehold, and held under a renewable lease, the widow by deed of assignment conveyed to a certain C. H. H., and in the deed of assignment referred to her husband's will as the source of her right to convey The widow died in 1877 without attempting to dispose of the said lot by last will and testament. Afterward the appellees were appointed administrators *d b. n. c. t. a.* of N B , the widow having first administered his estate, and upon the assumption that no legal disposition had been made of the said lot so conveyed to C. H. H., the said administrators advertised and sold the same to the appellant. The sale was reported to the Orphans' Court of Baltimore City, but exceptions thereto were filed by the appellant, on the ground that the said lot had been previously legally disposed of by the said widow in her life-time, and that the said administrators could not give a legal and valid title thereto. The exceptions were overruled and the sale ratified. The questions in this case were : 1st, whether the widow took more than a life estate in the two lots on Monument street, and 2nd, whether the power of disposition given by the will was well executed by the deed of assignment. HELD :

32            v. 49.

Benesch *vs.* Clark and Bramble, Adm'rs.

1st. That where an estate is given to a person generally or indefinitely with power of d'sposition, such gift carries the entire estate; and the devisee or legatee takes, not a simple power, but the property absolutely.

2nd. That when the property is given to a person expressly *for life*, and there be annexed to such gift a power of disposition of the reversion, there the rule is different, and the first taker takes but an estate for life, with the power annexed.

3rd. That the manner in which the power of disposition in such cases is to be exercised, depends upon the language of the testator used in granting the power, and unless such language indicates that the power must be exercised by last will and testament, the fact that the disposition is not to take effect until the death of the donee of the power is no reason why the disposition cannot be made by deed.

4th. That the deed of assignment could well operate both upon the interest of the widow in the property conveyed and also as an execution of the power of disposing of the reversion.

5th. That in this case the widow took but a life estate in the Monument street lots, with the power of disposition, and that this power was effectually executed by the deed of assignment.

APPEAL from the Orphans' Court for Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Richard J. Gittings* and *W. Burns Trundell,* for the appellant.

As to the two lots the title to which is the subject of dispute in this case, being leasehold, and there being, as to them, no limitation over at the death of Mary Bramble, the case presents simply a devise of the same to the wife, "to be disposed with as she sees fit, at her decease." It is an estate "to a person generally with a power of disposition superadded;" and under this will, the whole of the unexpired term in these two lots *vested absolutely in*

*the wife. Jackson vs. Robins,* 16 *Johnson R.,* 537 ; *Good-title vs. Otway,* 2 *Wilson,* 6 ; *Bradley vs. Westcott,* 13 *Vesey,* Jr., 453 ; *Jackson vs. Coleman,* 2 *Johns.*, 391 ; *Doe vs. Lewis,* 3 *Adolphus & Ellis,* 123 ; *Swope vs. Swope,* 5 *Gill,* 225 ; 1 *Sugden on Powers,* 124, (*s.* 18 ;) 4 *Kent Comm.,* 536, (12th Ed.)

The distinction, though a nice one, is well settled between such a case as this, and where the testator gives an estate for life *only,* by certain and express words, and annexes to it a power of disposal. *Jackson vs. Robins,* 16 *Johns.,* 588 ; *Tomlinson vs. Dighton,* 1 *Salkeld,* 239 ; 1 *P. Wms.,* 149 ; *Crossling vs. Crossling,* 2 *Cox,* 396 ; 13 *Vesey,* Jr., 453.

The technical rule laid down in the books, under which the wife takes the whole estate of the testator in the leaseholds on Monument street, they being devised to her generally, with a general power of disposition annexed, accords with the general intent of the testator, apparent upon the whole will. The fact of imposing limitations over upon all the other lots, after the death of his wife, thus taking away from her the right to dispose of any of those, coupled with the omission of any such limitation as to these two on Monument street, and the general terms in which the *jus disponendi* is couched, furnish pregnant evidence of his intention to give her this property absolutely.

The general intent, even though first expressed, overrides the particular intent of any clause. *Chase vs. Lockerman,* 11 *G. & J.,* 206 ; *Thompson vs. Young,* 25 *Md.,* 459.

The rule above stated would seem to be still broader when applied to personalty than in case of realty. Where a legacy is given to one *for life,* with a general power of appointment by deed or will, an absolute power of disposition is vested in the legatee, and any act indicating the intention of the legatee to dispose of it is sufficient to

effect that purpose. *Irwin vs. Farrer*, 19 *Vesey, Jr.*, 86 ; *Barford vs. Street*, 16 *Vesey, Jr.*. 135.

If, then, Mary Bramble took, under the will, the entire interest of the testator in the leaseholds on Monument street, she could, of course, dispose of them by any appropriate mode of alienation. The deed of 12th March, 1874, conveyed to Hall the whole term in No. 230, and no title was ever in the appellees.

Should the Court think that the testator gave to his widow merely a life estate, with a power of disposition annexed yet it is submitted that such power being general, is well executed either by deed or by will. 4 *Kent Com.*, 331-4, (12*th Ed.*;) 1 *Sugden on Powers*, 244-5-6.

Do the words " at her decease " *ex vi termini* import a power of testamentary disposition only ? That they do not is shown by the cases of 3 *Leonard*, 71 ; *Anon.; Tomlinson vs. Dighton*, 1 *P. Wms.*, 149 ; *Ex parte Williams*, 1 *Jacob & Walker*, 89 ; 1 *Sugden on Powers*, 257.

Is then the deed of March 12th, 1874, a valid exercise of the power of disposition vested in the grantor under the will, supposing that she took but a life estate in the Monument street property, with a power of disposition annexed ? This is chiefly a question of intention.

It is submitted, that even if Mary Bramble took a life estate *only* under the will, with the power of disposing of the term added, then she intended to and did validly exercise that power by executing the deed to Hall. *Morey vs. Michael*, 18 *Md.*, 241 ; *Cooke vs. Husband*, 11 *Md.*, 492 ; *Bennett vs. Aburrow*, 8 *Ves., Jr.*, 616.

*Thales A. Linthicum*, for the appellees.

Under the last will and testament of Nathan Bramble, his wife, Mary Bramble, was entitled to all his property, for her life, provided she remained a widow, and did not marry again after his death ; and as to that portion of said property known as the two houses and lots on Monu-

ment street, Mary Bramble had the power to dispose of the same at her decease ; she could not make such disposition otherwise than by last will and testament, or by deed conveying the property by way of remainder, after, and subject to, the life estate of Mary Bramble, or by conveying the reversion of the life estate.

There is nowhere in the will a grant of a general power of disposition over the Monument street property, to be exercised in any way, either by deed or will, by the donee ; but the words and obvious intent of the testator confine the exercise of the power to such modes only as would pass the title upon the decease of the donee of the power. The deed to Hall, if good for any purpose, took effect immediately upon its execution and delivery, and stripped from Mrs. Bramble all right and title to the property, and such being its effect, the very object the testator had in making his will, *i. e.*, to provide for the benefit, maintenance and comfort of his wife during her life, was defeated.

But it was claimed by the appellant below, that Mary Bramble had, under this will, the right to sell and dispose of this property, by deed or by will, and that the deed to Hall was a good execution of the power of disposition. But, as above stated, this deed cannot be upheld as a mode of conveyance under the power, because it does not convey the property except absolutely. It cannot be treated as conveying an estate to take effect upon the death of Mary Bramble, preserving, in the meantime, the life estate ; nor as a covenant to stand seized to the use of Mary Bramble for life, and after her death, for the use of Hall.

In the case of *Tomlinson vs. Dighton*, 1 *Salk.*, 239, the testator devised to his wife for life, and then to be at her disposal to any of her children who may be then living. The wife and second husband, by lease and release, convey the property to another, for the use of the wife for life,— remainder to her daughter, and the heirs of her body, remainder to her son, &c.

The Court held that the wife did not take a fee, but only an estate for life, with power to dispose of the inheritance. *Doe vs. Thorley*, 10 *East*, 438 ; *Anonymous*, 3 *Leonard*, 71, *cited in* 1 *Peere Williams*, 153 ; *Tomlinson vs. Dighton*, 1 *P. Wms.*, 149 ; *Grant vs. Va. C. & Iron Co.*, 93 *U. S. S. C. R.*, 326 ; *Leake vs. Bennett*, 1 *Atkyns*, 470 ; *Cole vs. Rawlinson*, 1 *Salk.*, 234.

ALVEY, J., delivered the opinion of the Court.

Nathan Bramble, of the city of Baltimore, died in the year 1847, and by his last will and testament, made a short time before his death, he gave and bequeathed to his wife, Mary Bramble, provided she remained unmarried, a house and lot of ground on north Gay street, in said city, with all the improvements thereon ; also two houses and lots on the north side of Monument street, with the improvements attached ; also a house and lot on Fayette street ; also a house and lot on Edward street, "and the two houses and lots on Monument street to be disposed with as my said wife sees fit, at her decease ; and also I give and bequeath unto my said wife, *all* my property real, personal and mixed, of every description, debts and demands, due to or in anywise belonging to me, she, my said wife, to have and to hold all the same, for her benefit, maintenance and comfort, *during her life*."

By subsequent clauses in the will, the house and lot on north Gay street, and also those on Fayette and Edward streets, are devised, such devises to take effect after the death of the wife, the devisee for life ; but there is no such specific disposition of the two houses and lots on Monument street. These clauses of the will are followed by a general provision, that if the wife should marry, then all the gifts and bequests to her were to be null and void, and she was to take her one-third of the estate, and no more ; and the other two-thirds, in that case, were otherwise disposed of. The wife was appointed sole executrix of the will, and she

administered the estate ; and without ever having married again, she died in 1877.   She made no attempt to dispose of the houses and lots on Monument street by last will and testament ; but one of those lots, No 230 east Monument street, being leasehold, and held under a renewable lease, she, by deed of assignment, dated the 12th of March, 1874, assigned and conveyed to Charles H. Hall ; and in the deed of assignment she refers to her husband's will, as the source of her title and right to convey.   The assignment conveys the entire residue of the unexpired term, with the right and benefit of renewal, from time to time, forever.   Immediately after the death of Mrs. Bramble, Hall, the assignee of the term, entered, and still holds possession of the premises.

After the death of Mrs. Bramble, letters of administration *de bonis non cum testamento annexo* were granted to the appellees in this case ; and upon the assumption that neither of the lots on Monument street had been legally disposed of by Mrs. Bramble, the appellees, under the authority of the Orphans' Court, advertised, and, on the 30th of July, 1877, sold lot No. 230 to the appellant.   The sale was reported, and the appellant excepted to the report, upon the ground that the appellees could make no valid title to the lot sold.   And in answer to the exceptions of the appellant, the appellees admit that they announced at the sale that the title to the property was good and indisputable, and if not so the purchaser could except to the sale.   The Orphans' Court overruled the exceptions, and ratified the sale as reported, from which order the present appeal is taken.

There are two principal questions in this case : 1st, Whether Mrs. Bramble, the wife, took more than a life estate in the two lots on Monument street, subject to the condition of remaining the widow of the testator ? and, 2nd, If she took but a life estate, subject to the condition of widowhood, whether the power of disposition, given by

the will; was well executed by the deed of assignment to Hall?

1. It is contended on the part of the appellant that Mrs. Bramble took, under her husband's will, the entire and absolute estate in the term, subject only to the condition of remaining in a state of widowhood, and that consequently, the deed of assignment to Hall is effective as a valid conveyance of the interest and estate of Mrs. Bramble. But we are not of that opinion.

As will be observed the gift of the lots by the testator to his wife was, in the first place, by general and indefinite terms, provided she remained his widow; but in the latter part of the same clause of the will, he expressly declares that *all* his property, of every kind and description, should be taken and held by his wife for her benefit *during life.*

Now, it is quite clear, upon all the authorities, that where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate; and the devisee or legatee takes, not a simple power, but the property absolutely. But where the property is given, as in this case, to a person expressly for life, and there be annexed to such a gift a power of disposition of the reversion, there the rule is different, and the first taker, in such case, takes but an estate for life, with the power annexed; and if the person so taking fails to execute the power and thus dispose of the reversion, it goes, where there is no gift or devise over, to the heir or next of kin of the testator, according to the nature of the property.

This distinction, while it has been said to be a refined one, is, nevertheless, as well established as any in the law; and Judges and text-writers alike recognize and adopt it as a principle too firmly settled to be questioned. *Anon.,* 3 *Leo.,* 71, *Pl.,* 108; *Tomlinson vs. Dighton,* 1 *P. Wms.,* 149, 171; *Bradley vs. Wescott,* 13 *Ves.,* 445, 453; *Jackson vs. Coleman,* 2 *John.,* 391; *Jackson vs. Robbins,* 16 *John.,* 587, 588; *Flintham's Appeal,* 11 *Sergt. & R.,* 23, 24; 1

*Sugd. on Pow.*, *marg. pp.* 122 *to* 126, *pl.* 15 *to* 20; 4 *Kent Com.*, 535, 536. It is therefore clear that Mrs. Bramble took but a life estate in the lots devised, subject to the condition of remaining a widow. And the next question is, whether the power of disposition annexed to that estate has been well executed by the deed to Hall?

2. With respect to this question, the appellees contend that the power has not been executed; that the deed of assignment to Hall could not operate upon the interests of Mrs. Bramble in the property; and that, upon the terms of the power, the mode of execution was confined to last will and testament; the language of the power being, that the lots were to be disposed of as the life tenant might see fit, *at her decease.* This, however, is not our view of the subject.

In the *Anon.* case in 3 *Leo.*, 71, already referred to, where the testator devised his lands to his wife for life, *and after her death* she to give them to whom she pleased, and she by deed granted the reversion in fee to a stranger; it was held, that the wife took but a life estate, and that the power was well executed by deed in the life-time of the wife. That case has been frequently referred to and recognized as authority. 1 *Sugd. on Pow.*, *marg. pp.* 124, 125, *pl.* 17 *to* 27. And in the case of *Tomlinson vs. Dighton*, 1 *P. Wms.*, 149, which is a leading case upon this subject, the devise was to A., the testator's wife, for life, and *then* to be at her disposal, provided it be to any of the testator's children, if living, and if not, to any of his kindred that his wife should please. The widow married again, and she and her second husband joined in a lease and release, reciting the testator's will, whereby they granted the premises in question to trustees, to the use of the wife for life, remainder to her daughter by her first husband, &c.: it was held, that the wife took under the devise a life estate only, with power to dispose of the fee, and that the power was well executed by the deeds of lease and release made by the devisee for life.

On these cases and others, Sir EDWARD SUGDEN says, that the mere circumstance of the estate being limited to A. for life, and "after his death," or "then," to be at his disposal, will not, by implication, restrain the execution of the power to a will; though it has been decided that a devise to the testator's wife for life, and also at her disposal *afterwards* to *leave* it to whom she pleased, gave her power of disposition by will *only*, by reason of the word *leave*, which was not properly applicable to a disposition by deed. 1 *Sugd. on Pow.*, *marg. p* 256. The case referred to by Sugden, and which has been relied on by the appellees, is that of *Doe vs. Thorley*, 10 *East*, 438. The whole stress of that case rests on the word *leave;* but the principle of the cases in 3 *Leo.*, 71, and *Tomlinson vs. Dighton*, was fully conceded by all the Judges. LE BLANC, J., said, "The property is to be *at her disposal afterwards*. If the words had rested there, any instrument disposing of it after her death would have been within the words of the power; according to the case of *Tomlinson vs. Dighton*, and that in *Leonard.* But the words which follow, *to leave it*, &c., control the generality of the preceding words, and are the same as if he had said *to leave it by her last will*."

These authorities are ample for holding that it was competent to Mrs. Bramble to execute the power by deed of assignment, and that she was not restricted to last will, as contended by the appellees. Such deed so far as it may operate simply in execution of the power, could be operative only from the death of Mrs. Bramble, and in the event that she remained and died the widow of the testator; and therefore the words, "at her decease," only denote the period when the disposition should take effect.

But it is said that even conceding that the power could have been legally executed by deed, instead of a will, the deed of assignment to Hall fails to execute the power, because there is nothing to indicate with sufficient certainty

the intention of Mrs. Bramble to execute the power ; and that the deed could only operate upon her conditional life estate under her husband's will.   In this, however, we do not agree

As we have seen, the deed not only refers to the subject of the power, but to the will, the source of the right or power to convey.   Having but a life estate, subject to the condition of widowhood, Mrs. Bramble was competent to convey or assign that interest ; but from the terms of the deed of assignment, it is very manifest that she designed to transfer more than her own life estate to Hall.   By the express terms of the deed, the whole unexpired leasehold term, with the right of renewal, was conveyed ; and if this assignment be not effective to execute the power, it has wholly failed of effect since the death of Mrs. Bramble.   This was certainly not the intention of the parties to the instrument.   Mrs. Bramble intended, manifestly, to exercise all the disposing power that she had over the subject-matter ; and though she did not refer to the will of her husband as containing a simple power, she did refer to the will as the source of her right to transfer the property ; and that, we think, is sufficient.   As said by Lord Hobart, (*Hob. Rep.*, 140,) "though a party do not make an express declaration, yet if his act *do import* a necessity to work *by his power*, or else to be wholly void, the benignity of the law will give way to effect the meaning of the party."   The assignment of the term could well operate both upon the interest of Mrs. Bramble and in execution of the power.   The great matter to be considered is the intention of the party executing the instrument.   If it was her intention not only to pass all the interest that she held in the property, whatever that interest might be, but to exercise all the disposing power that she held over the subject-matter, then, it is clear, the power was well executed by the deed.   In 4*th Vol. Kent's Com.*, *pp.* 335, 336, it is stated as the result of the authorities, that "In

construing the instrument, in cases where the party has a power, and also an interest, the intention is the great object of inquiry ; and the instrument is construed to be either an appointment or a release; that is, either as an appointment of a use in execution of a power, or a conveyance of the interest, as will best effect the predominant intention of the party. It may, indeed, operate as an appointment, and also as a conveyance if it be so intended, though the usual practice is to keep these two purposes clearly distinct." See also *Co. Litt.*, 272 *a*, note 231 *by Butler* ; *Doe vs. Roake*, 2 *Bing.*, 497, and same case on error, 5 *B. & Cr.*, 720.

Upon the whole, we are of opinion that Mrs. Bramble took but a life estate in the lots on Monument street, devised to her by her husband's will, with power of disposition ; and that the power, as to lot No. 230 East Monument street, has been effectually executed by the deed of assignment to Hall. The sale, therefore, to the appellant was without legal authority, and he should not be held to comply with the terms of sale. There was, therefore, error in the order of the Orphans' Court in overruling the exceptions of the appellant, and ratifying the sale.

*Order reversed, and*
*cause remanded.*