(Decided 12th April, 1888.)

JOEL GUTMAN *vs.* THOMAS H. BUCKLER, surviving trustee.

*Power coupled with an Interest—Survival.*

Where by deed the entire legal estate is conveyed to two trustees, as joint tenants, with power to sell at their discretion, and to change any existing investment, such power is coupled with an interest, and as such may, on the death of one of the trustees, be exercised by the survivor.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from a decree of the Court below requiring of the defendant a specific performance of his contract to purchase of the plaintiff a certain

Gutman *vs.* Buckler.

piece of property in Baltimore City. The case is stated in the opinion of this Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J., for the appellee, and submitted on brief for the appellant.

*Luther M. Reynolds*, for the appellant.

*D'Arcy Paul*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The only point in this case, is whether the power to sell and invest the proceeds of sale given to two trustees, can upon the death of one of them, be exercised by the survivor? And this question depends upon the construction of the deed made by Mrs. White in contemplation of her marriage, and in the execution of which, Doctor Buckler her intended husband united. By this deed, she conveyed to Henry White and Doctor Buckler, their heirs, executors, administrators and assigns, as *joint tenants*, all her property real and personal, to have and to hold the same to the use of the said Henry White and Doctor Buckler as *joint tenants*, their heirs, executors, administrators and assigns in trust.

1st. To permit the grantor to possess, enjoy and dispose of the same as she shall see fit and proper up to the time of her marriage.

2nd. After her marriage to receive and collect the rents, profits and income of said property, and pay the same to the grantor for her sole and separate use.

3rd. In trust for such persons as the grantor may appoint by last will and testament, and in default of such appointment, in trust to pay to Doctor Buckler the sum of five thousand dollars per annum during his life, and then in trust, &c.

Gutman *vs.* Buckler.

The deed further provides "that whenever it may become necessary to invest any part of the principal of the trust estate, the same may be invested at the discretion of the trustees, who are further authorized, as they shall see fit, to change any existing investment, and for that purpose may sell and convey any part of the trust estate, without any obligation on the part of the purchaser to see to the application of the purchase money."

Since the marriage of the parties, Henry White, one of the trustees has died, and Doctor Buckler, surviving trustee, has agreed to sell to the appellant a leasehold interest belonging to the trust estate, and the question is whether he can convey a valid title to the purchaser? Now a *bare power* or *authority* given to two persons cannot, in the absence of *"words of survivorship,"* or language of like import, be exercised by the survivor. Having thus named the persons by whom the power is to be exercised, the law presumes, in the absence of language showing a contrary intention, that the donor meant a joint execution of the power, and if one of them dies it cannot be executed by the survivor. The power in such case does not survive. *Coke Littleton,* 113 *a; Peyton vs. Bury,* 2 *P. Wms.,* 626; *Attorney-General vs. Gleg,* 1 *Atk.,* 356; *Dyer,* 177 *a; Sugd. on Powers,* 143.

But the power given to the trustees in the deed before us, is not a *bare power*. On the contrary, the entire legal estate is vested in them, and to be held by them as joint tenants upon certain trusts declared in the deed. And to this estate is annexed a power to be exercised by them as trustees over and in regard to the property. Such a power, according to all the authorities, is a *power coupled with an interest* and as such may be exercised by the surviving trustee. *Co. Lit.,* 113 *a,* 181 *b; Hawkins vs. Kemp,* 3 *East,* 410; *Eaton vs. Smith,* 2 *Beavan,* 23; *Flanders vs. Clark,* 1 *Ves. Sr.,* 9; *Clarke vs. Parker,* 19 *Ves.,* 19.

Gutman *vs.* Buckler.

In *Watson vs. Pearson*, 2 *Exch.*, 594, the testator devised all his property to his wife and two other persons, in trust to collect and receive the rents and income and to pay the same to his wife during her life, with power to sell and mortgage or otherwise manage his estate. One of the trustees died and another disclaimed the trust, and the power, the Court said, survived to the wife as sole trustee; and one of the powers it will be observed was to sell the estate if the trustees should deem it expedient.

And again in *Lane vs. Debenham*, 11 *Hare*, 188, where the testator devised his estate to two trustees in fee, upon trust, as soon as convenient, to raise the sum of £2000, for the benefit of the testator's daughter, by sale or otherwise, at the discretion of the trustees, and one of the trustees died, the Vice-Chancellor held, the power survived, and that the surviving trustee could sell and convey a good title.

So in *Gray, et al. vs. Lynch and McDonald*, 8 *Gill*, 403, where the testator devised all his property to three persons in trust to sell the same and to invest the proceeds in some profitable stock, to be held by them in trust for the sole and separate use of the testator's two daughters, the Court, after a full review of all the authorities, decided that the power thus given to the trustees to sell was a power coupled with an interest, and as such could be exercised by the surviving trustees. And although the property was not in terms devised to the trustees as joint tenants, yet the Court said, looking to the nature, objects and provisions of the will, it was clearly the intention of the testator that the power given to the trustees should, upon the death of one of them, be exercised by the survivor.

In this case the estate is conveyed to the trustees as *joint tenants*, and the power is given to them as trustees to be exercised by them in regard to the trust estate,

and such a power is according to all the cases, a power coupled with an interest, and survives to the surviving trustee.

*Decree affirmed.*

(Decided 12th April, 1888.)