## MILTON W. WELSH

*vs.*

## ISABELL F. DAVIS.

*Deeds: power of alienation; merchantable title.*

If by a grant D. has an estate in lands for life, with power to sell the same, and after his death, should he not have sold the lands, the same to be divided equally among the grantee's children, D. has the power to convey a good and marketable title to the property.                    p. 39

*Decided January 13th, 1915.*

Appeal from the Circuit Court for Howard County (In Equity. (FORSYTHE, JR., J.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Reuben D. Rogers* submitted a brief for the appellant.

*Edward M. Hammond* submitted a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

By deed dated August 21st, 1909, Robert S. Davis, of Howard County, granted and conveyed to his wife, the plaintiff in this case, the real property involved in this suit.

The grant was to her during her *natural life,* "with the power to sell the same should she see fit, but if she does not, then at and after her death the said real estate shall be equally divided among my children living at the death of my said wife." Robert S. Davis is now dead, and left surviving him a number of children, two of whom are infants. His wife sold the property to the appellant on the 13th of May, 1914, for nineteen hundred and fifty dollars, and received from him the sum of fifty dollars as part payment on the purchase price. He refused to pay the balance due on the sale, and the plaintiff instituted a suit for the specific performance of the contract. The appellant answered the bill and admitted the facts alleged, but denied "that by said deed from Robert S. Davis to Isabell F. Davis the plaintiff was vested with the legal title and power to sell the property mentioned in said conveyance, and therefore denies that the plaintiff is able to give him a good and merchantable title in accordance with the contract of sale filed as 'Plaintiff's Exhibit No. 2.' "

The power of the plaintiff under the terms of the deed to convey a good and merchantable title is the only question raised by the pleadings and is the only one we decide. The case was submitted to the lower Court upon bill and answer, and from its decree awarding specific performance of the contract the defendant has appealed.

It is stated in the brief for the appellant that he is desirous of taking the property, but there is a question as to the power of the appellee to give him a fee simple title.

The grant was to Mrs. Davis *for life,* with a power of disposition annexed. In such case, under repeated decisions of this Court there can be no doubt of the power of the grantee to convey a good title.

In *Benesch* v. *Clark,* 49 Md. 497, it appeared that Nathan Bramble by his last will and testament devised and bequeathed all his property, real, personal, and mixed to his wife *during her life.* He was the owner of two houses and

lots on Monument street in Baltimore City. The will empowered her to dispose of these "as my wife sees fit, *at her decease."* The wife was appointed sole executrix of the will and administered the estate, and died in 1877, without having married again. In 1874 she executed a deed of assignment of one of the houses on Monument street to Charles H. Hall. After the death of Mrs. Bramble, letters *de bonis non cum testamento annexo* were granted upon the estate of Nathan Bramble to Edward J. Clark and Tyson Bramble. Upon the assumption that the lot sold to Hall was not legally disposed of by the deed of Mrs. Bramble, the administrators, under the authority of the Orphans' Court, advertised and sold the lot to Isaac Benesch, who excepted to the sale upon the ground that the administrators could make no legal title to the property. The Orphans' Court overruled the exceptions and ratified the sale. Upon appeal the order was reversed upon the ground that the power of disposition given by the last will was well executed by the deed of Mrs. Bramble to Hall. The Court held that Mrs. Bramble took a life estate only in the Monument street lot sold to Hall with a power of disposition annexed, and that the power had been effectually executed by the deed of assignment to him.

In *Marden* v. *Leimbach,* 115 Md. 206, the principle announced in *Benesch* v. *Clark* was applied to the construction of a deed.

As we are of opinion that the plaintiff is able to convey to the appellant a good and merchantable title to the property in accordance with the terms of the contract, and as that is the only question we are asked to decide, the decree appealed from will be affirmed.

The record states that the case was heard upon demurrer in the Court below, and that the demurrer was overruled, and the defendant declining to answer, the decree was passed. It is conceded that this recital is an error, and that the case was in fact heard upon bill and answer.

*Decree affirmed, with costs.*