## TEOFILA LITERSKI *v.* EVA LITERSKI ET AL.

[No. 33, January Term, 1934.]

*Decided April 12th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Michael J. Manley,* with whom were *Harley, Wheltle & Webster* on the brief, for the appellant.

*Paul R. Hassencamp,* with whom was *C. A. Wheatley* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

Anton Literski was the owner of a fee simple estate in a lot of land, and· of a leasehold interest in another parcel of land which was subject to the payment of an annual ground rent of one cent. On May 17th, 1932, he and his wife, Teofila Literski, conveyed the fee simple estate in the one lot and the leasehold estate in the other to Josef Golczynski and Wladslawa Golczynski, his wife, for the purpose of having the titles to these estates in the two lots reconveyed in accordance with their wishes. So, simultaneously with the execution of the deed to them, the grantees, by their deed of even date, conveyed the fee simple and leasehold estates in these two lots. The granting clause was that Josef Golczynski and his wife: "Do grant, assign and convey unto the said Anton Literski and Teofila Literski his wife as tenants by the entireties for the term of their natural lives with full, absolute and unqualified power unto them to sell, lease, mortgage or in other manner or way to dispose in their lifetime of all of and the entire· estate without the joinder in the deed of the hereinafter mentioned remaindermen and without the necessity of the purchaser or purchasers to look to the application of the purchase money and immediately after their death then to .Eva Literski and Martha Literski as joint tenants their heirs and assigns and personal representatives" the fee simple estate in the one lot and the leasehold interest in the other lot. The estates in these two lots are conveyed by description and by reference to the deed by which the grantors acquired the estates they conveyed. After these descriptions and refer-

ence, the two habendums follow in this form: "To have and to hold the said second lot of ground" (leasehold) "herein described unto and to the use of the said Anton Literski and Teofila Literski, his wife, their assigns for the term of their natural lives as tenants by the entireties with full absolute and unqualified power to them to dispose of the entire and whole estate as will more fully appear hereinafter for all the residue of the term of years yet to come and unexpired therein with the benefit of renewal forever subject to the annual rent of one cent and to have and to hold the said lot of land firstly described" (fee simple) "and premises above described mentioned and hereby intended to be conveyed together with the rights privileges appurtenances and advantages thereto belonging or appertaining unto and to the proper use and benefit of the said Anton Literski and Teofila Literski, his wife, for the term of their natural lives as tenants by the entireties, their heirs and assigns with full, absolute and unqualified power unto them to sell, lease, mortgage or in other manner or way to dispose in their lifetime of all of and the entire estate without the joinder in the deed of the hereinafter mentioned remaindermen and without the necessity of the purchaser or purchasers to look to the application of the purchase money and immediately after their death then to Eva Literski and Martha Literski as joing(t) tenants, their heirs, assigns and personal representatives."

The terms used in the first habendum differ from those of the second habendum in that the first habendum relates to the assignment of a leasehold interest in land, and the second to the conveyance of a fee simple estate, and, so, the words of each habendum conform to the nature of the interest granted. The first habendum omits the insertion, but incorporates, by reference, the power of disposition set forth in the second habendum, which is substantially identical in wording with the granting clause. The choice of terms appropriate to the transmission of leasehold estate in the first habendum and of realty in the second habendum, with the second habendum concluding, in the grant over to the remaindermen, in terms

of art applicable to the conveyance of both realty and personalty, demonstrates that the grantor intended the habendums to the life estates and remainders created by the granting clause of the deed of conveyance to be construed together. As a further indication of the design to have the instrument regarded as a harmonious whole, and of the unity in the enjoyment and devolution of title intended with reference to the fee simple and leasehold lots, there is no separation of any part of the deed, which has some capitalization but not a single punctuation mark nor paragraph from the first word to the seals of the grantors. So, no conflict is perceived between either of the habendums and the granting clause. If there were any conflict, the estate described in the granting clause would prevail over that of the habendum. *Marshall v. Safe Deposit & Trust Co.,* 101 Md. 1, 60 A. 476. Whatever question arises in the construction of the deed will, therefore, be presented by the granting clause, and the question may be resolved by the ascertainment of its meaning.

The husband is dead and his wife survives, and the two remaindermen are the children of the husband by a prior wife. There is no doubt that under the deed the husband and wife took an estate for life as tenants by the entireties, with remainder over to Eva Literski and Martha Literski as joint tenants, defeasible by the exercise of the power conferred upon the tenants by the entireties. *Hannan v. Towers,* 3 H. & J. 147; 2 *Kent's Commentaries,* 132; *Dormer v. Wilson,* 4 Barn. & Ald. 303; *Purefoy v. Rogers,* 2 Saund. 386b, 387. *Infra.*

If an absolute estate in land is given to one and his heirs, and he is also expressly given power to dispose of the land in fee simple, a limitation over in defeasance of the fee simple estate previously given is invalid, on the alternative theories of inconsistency with the estate previously given, and inconsistency with the power previously given. *Tiffany on Real Property* (2nd Ed.), sec. 167; *In re Bank's Will,* 87 Md. 425, 435, 40 A. 268; *Combs v. Combs,* 67 Md. 11, 8 A. 757; *Gray, Restraints on Alienation,* secs. 66-74e. However, it is recognized

that a particular estate may be given to the first taker, with a power to dispose of the fee, and a remainder to the second taker, subject to be defeated by the exercise of the power. So, in a gift to A for life, with a power in A to dispose of the fee by deed, a remainder on the life estate to B is not invalid on the ground of repugnancy, though the remainder is liable to be defeated by an exercise of the power, and though this may be, for most purposes, the same in effect as a limitation over to B, which is to take effect in derogation of a gift in fee simple to A, but which A may defeat by an alienation of the fee. *Gray, Restraints on Alienation*, secs. 74d, 74c; *Benesch v. Clark*, 49 Md. 497, 504; *Foos v. Scarf*, 55 Md. 301, 310.

Accordingly, there is no doubt that the grant of power in the deed at bar could be jointly exercised by the husband and wife during their joint lives. The power was not so exercised before the husband's death, and the single question is whether or not this power may be exercised by the wife as the surviving donee. The grant of the plenary power to sell, lease, mortgage, or in any other manner or way to dispose in their lifetime of all of the property conveyed is not, in express terms, conferred upon the survivor of them, although the instrument expressly provided that the survivor should take in title in enjoyment for life. So, during the joint lives of the husband and wife, and the life of the survivor, there is a present interest or ownership of the property in the donees, while both are alive, and, after the death of one, also in the surviving donee while the survivor lives, before the execution of the power, and, therefore, throughout both periods, the power is not naked but coupled with an interest, and survives, unless a contrary intention appears, since upon the death of one of the joint donees, the estate or interest survives and is vested in the survivor. *Tiffany on Real Property*, sec. 322, p. 1076; *Gutman v. Buckler*, 69 Md. 7, 13 A. 635.

The interest or estate of the husband and wife in the property involved was not several but entire, since husband

and wife held as tenants by entireties, being in law one person, and, upon the death of one, the whole interest or estate of both survived to the surviving spouse. So, the power which was coupled with an interest during their joint lives when they held as tenants by entireties was not extinguished by the death of one of the tenants, but survived to the surviving donee. *Venable's Syllabus of Law of Real Property,* pp. 165, 166. It would seem that the power to both spouses would not be extinguished by the death of one, when the estate for life contemplated its devolution to the survivor. Under this doctrine, where a discretionary legal power is expressly given to A and B as tenants by the entireties for life, the power goes along with and is annexed to the estate, and the power can be executed by A and B during their joint lives, or by the survivor while living, since it is a power coupled with an interest, and as the estate, so the power, shall survive. *Peter v. Beverly,* 10 Pet. 532, 564, 9 L. Ed. 522; *Co. Litt.,* 113a, 181b; *Hunt v. Rousmanier,* 8 Wheat, 205, 5 L. Ed. 597; *Gutman v. Buckler,* 69 Md. 7, 9, 13 A. 635; *Benesch v. Clark,* 49 Md. 497, 504-508; *Foos v. Scarf,* 55 Md. 301, 307-312; *Marden v. Leimbach,* 115 Md. 206, 210, 211, 80 A. 958; *Welsh v. Davis,* 125 Md. 37, 93 A. 221; *Madler v. Gunther,* 155 Md. 43, 141 A. 422; *Nevin v. Gillespie,* 56 Md. 320. Compare *Russell v. Werntz,* 88 Md. 210, 44 A. 219.

As a result of the authorities, the court is of the opinion that, upon the death of Anton Literski, his surviving wife, Teofila Literski, holds a life estate or interest under the deed from Josef Golczynski and wife to Anton Literski and Teofila Literski, his wife, dated May 17th, 1932, in the property therein described, with remainder over to Eva Literski and Martha Literski as joint tenants, defeasible upon the exercise by the said surviving life tenant of the power of disposition set forth in said deed and surviving to her as donee.

This conclusion leaves no equity in the plaintiff, as no mistake in the drafting of the deed was established, and the

chancellor rightly dismissed the bill of complaint, but erred in the construction that the power of disposition did not survive to the wife.

> *Decree affirmed in part, and reversed in part, and cause remanded for a decree in conformity with this opinion. The costs to be paid by the appellant.*