DOLLY CARTER BELL

*v.*

MATTIE LOUISE HACKLER et al.

365 S.W.2d 900.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

Rehearing Denied April 3, 1963.

STOCKELL, RUTHERFORD & CROCKETT, Nashville, for appellant.

HOOKER, KEEBLE, DODSON & HARRIS, Nashville, for appellees.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The appellant, Dolly Carter Bell, is the widow of Andrew Bell, deceased. The appellees are his children by two previous wives, both of whom are deceased, and none of appellees are children of appellant.

The question is did Andrew Bell, at the time of his death, have an interested in the land out of which homestead and dower could be assigned?

The appellees insist and the ruling of the lower court was that the deceased, Andrew Bell, had only a life estate in the land after the death of Mrs. Nellie Bell, his second wife, and that his interest in the land terminated at his death.

The deed was filed herein and contains the following language:

"It is intended by this conveyance to vest the title to this entire tract of land in Andrew Bell and Mrs. Nellie Bell, as husband and wife, and as tenants by the entireties during their natural lives and during the life of the survivor of them, and when one of said parties dies said property shall go to the other, and then at the death of the last of us, said property shall be vested in our children and heirs at law who may be then living; unless during our lifetime we both join in a deed to said land, or any part thereof, which we hereby reserve the right to do. But, unless we both join in a deed to said land, or part thereof, then said land shall pass to our children living at the date of the death of the survivor of us.

"But in case any child is dead, leaving issue, then such issue shall stand in the place of its parent at the date of our death, as above stated. This deed is made for the protection of both of us."

We have repeatedly held that the courts have abandoned technical rules in the construction of conveyances. See *LaRue et al. v. Greene County Bank,* 179 Tenn. 394, 166 S.W.2d 1044. Also *Quarles et al. v. Arthur et al.,* 33 Tenn.App. 291, 231 S.W.2d 589.

Under the above language the parties expressed their intention that they would own the land during their lifetimes only; that while both of them were living they reserved the right to convey the property by a joint deed, which right however terminated upon the death of one of the parties; and that upon the death of the last surviving

of the two parties to the deed, the property would go to their joint children, which would not have been true in a tenancy by the entirety, where the property would have descended to the children of the heirs of the last surviving, as the case might be, and to the exclusion of the children or heirs of the first deceased, unless they were also children or heirs of the last surviving.

The intention of the grantor is fully expressed as being that both Andrew Bell and Mrs. Nellie Bell would have a life estate in the land, and at the death of the last survivor of the two the property would go to the children of them, then living, with a per stirpes distribution to the issue of any deceased child, and that this intent under the authorities prevails over any rigid rules of construction.

This deed created only a life estate in Andrew Bell and Mrs. Nellie Bell, in accordance with their intention, and with a remainder in their living children at the date of the death of the survivor, subject to being, however, divested by action of the grantors during their joint lifetime, then upon the death of Andrew Bell, Mrs. Nellie Bell having predeceased him, he owned no estate to which homestead or dower could attach.

It results that the decree of the Chancellor must be affirmed.

On Petition to Rehear.

PER CURIAM.

The petition to rehear is overruled for the reason that it presents no new argument, no new authorities adduced and no material fact is pointed out as having been overlooked.

In our original opinion we considered all the provisions of the deed in question, and all of the contentions and authorities advanced by the petitioner in her brief.

■ We are not required, nor is it necessary, for us to answer every contention of every party in preparing our opinions. To do so would unduly lengthen our opinion for no good cause.

On occasions we have had records containing more than eighty assignments of error. The futility and uselessness of answering such assignment is obvious.

The petition to rehear will be overruled.