## IN THE COURT OF APPEALS OF TENNESSEE

### AT KNOXVILLE

FILED

April 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

IN RE:    THE ESTATE OF    )    WASHINGTON PROBATE
          HENRY M. SWANAY   )
                                 )    NO. 03A01-9712-PB-00542
                                 )
                                 )    REVERSED

Judith Fain, Johnson City, for the Appellant.

John S. Taylor, Johnson City, for the Appellee.

---

### O P I N I O N

INMAN, Senior Judge

The last will and testament of Henry M. Swanay, who died September 28, 1995, was propounded for probate on February 23, 1996. He devised and bequeathed his entire estate to his daughter, Carrie Swanay, whom he named Executrix.

The decedent owned a life estate in his residence. The remainder interest in fee simple was owned by his daughter, Carrie.

Six weeks before he died, Henry Swanay married Catherine Teresa Swanay, the appellee herein, who filed a dissent to the will and a petition "to set aside exempt property, year's support, elective share and homestead."

In course, the Probate Court, *inter alia,* ordered that "the widow shall have a $5,000.00 homestead exemption from the life estate of the deceased which shall operate as a lien against the fee simple estate owned by Carrie Beth Swanay."

Carrie, being much aggrieved, appeals and presents for our review the propriety of the assessment of a lien against her fee simple interest to secure the payment of the homestead. By necessary implication, she also questions the propriety of the allotment of homestead.

Our review is *de novo* on the record with no presumption of correctness as to questions of law. *Owens v. Truckstops of America,* 915 S.W.2d 420, 424 (Tenn. 1996).

It is provided by statute that "an individual . . . shall be entitled to a homestead exemption upon real property *which is owned by the individual* [emphasis added] and used by him, his spouse, or a dependent, as a principal place of residence," and that "upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse . . . for a long as the spouse . . . use such property as a principal place of residence."

If the right of homestead exists, the statutory scheme requires that commissioners be appointed to lay off the homestead from the lands of the decedent, but if the real estate is so situated that homestead cannot be set apart, the realty must be sold and $5,000.00 of the proceeds will be invested in real estate for the benefit of the applicant or paid directly to the surviving spouse. T.C.A. § 30-2-201, et seq. Aside from the fact that homestead was not assigned in accordance with the statutory requirements, the allotment can be made only from property in which the decedent owned a transferable interest. *Bell v. Hackler,* 365 S.W.2d 900 (Tenn. 1963). Mr. Swanay owned a life estate only, and upon his death, his ownership and occupancy died with him. Thus there

was no estate from which the homestead allotment could be made. This seems obvious, and the point need not be belabored.

The judgment awarding homestead and impressing a lien on the appellant's fee simple title to secure its payment is reversed. Costs are assessed to Catherine Teresa Swanay.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge