**Rae Nero ALLEN, Appellant,**

v.

**William J. SCHULTHEISS, et al., Appellees.**

**No. 06–CV–1445.**

District of Columbia Court of Appeals.

Argued Feb. 7, 2008.
Decided Oct. 1, 2009.

---

Morton A. Faller, Rockville, MD, with whom Stephen A. Metz was on the brief, for appellant.

Robert C. Gill, Washington, with whom Shannon H. Bates was on the brief, for appellees William J. Schultheiss and Elizabeth M. Twarog.

John P. Lynch was on the brief for appellee Troese Hughes Title Services, Inc.

Bernard A. Gray, Washington, was on the brief for appellees Alberta Nero, Catherine Nero, Curtis Nero, Jimmy Nero and Ronald Nero.

Amy R. Mix, Legal Counsel for the Elderly, was on the brief for appellee Lois Thomas.

Before RUIZ and BLACKBURNE-RIGSBY, Associate Judges, and STEADMAN, Senior Judge.

RUIZ, Associate Judge:

Appellant filed a complaint to quiet title and for ejectment against appellees, who were in possession of a parcel of real property, claiming that she had a life interest in it pursuant to a deed. The trial judge granted appellees' motion for summary judgment after determining that the deed purporting to grant appellant an interest in the property was void because, as a matter of law, a life estate cannot be held as a tenancy by the entirety.[1] We hold that a life estate may be held as a tenancy by the entirety. We reverse the grant of summary judgment and remand the case to the trial court for further proceedings to determine the proper interpretation of the deed on which appellant stakes her claim and its effect on the parties' competing contentions.

## I.

Appellant, Rae Nero Allen, is the daughter of Johnson and Allene Nero, both now deceased. While living, the Neros, who

---

1. The trial court also found, in the alternative, that because title to the property had passed through probate, appellant's complaint was barred by the six-month statute of limitations governing challenges to the validity of a will. *See* D.C.Code § 20-305 (2001). As we explain, see note 7, *infra*, the applicable statute of limitations cannot be determined until after the trial judge makes further findings on remand applying correct legal principles.

were married, issued a deed on March 30, 1982 ("1982 deed"), which was recorded on April 30, 1982, in the Land Records of the District of Columbia. That deed conveyed to appellant an interest in a parcel of real property located at 1225 F Street, N.E., in the District of Columbia, which the Neros owned, as follows:

> TO HAVE AND TO HOLD UNTO the said Johnson Nero and Allene Nero, his wife, *as tenants by the entirety for the terms of their natural lives,* and upon the death of the survivor of them, unto the said Rae R. Nero [appellant] for the term of her natural life as to an undivided two third (2/3rds) interest and unto the said Rae R. Nero in fee simple as to the remaining undivided one third (1/3rd) interest. . . .

(emphasis added). The deed also conveyed the remainder 2/3rds fee simple interest, after appellant's life estate, in six undivided 1/9th interests to appellees Alberta Nero, Lois Thomas, Jimmy Nero, Curtis Nero, Ronald Nero, and Catherine Nero.

Subsequent to the execution and recording of the 1982 deed, Johnson Nero died and was survived by his wife, Allene Nero. On June 19, 1992, Allene Nero recorded a deed ("1992 deed") for the same property that conveyed an undivided 8/9ths interest in fee simple to herself ("the surviving tenant by the entirety—Allene Nero"), and an undivided 1/9th interest in fee simple to her daughter, Catherine Nero. On September 8, 1994, Allene Nero executed a Last Will and Testament naming her daughter, Lori Thomas, as personal representative. The will devised a 1/3rd interest in the property to appellant and a 1/9th interest to each of appellant's siblings other than Catherine Nero, with each interest in fee simple to be held as tenants in common On November 7, 1998, Allene Nero died. Her estate went into probate and letters of administration were issued to Ms. Thomas, who supervised the probate of the estate. On October 27, 2000, Ms. Thomas and Catherine Nero executed a deed conveying the property to appellees William Schultheiss and Elizabeth Twarog in fee simple ("2000 deed"), who subsequently occupied the property. Before closing on the property, Mr. Schultheiss and Ms. Twarog hired appellee Troese Title Services, Inc. ("Troese Title"), which conducted the title examination of the property. The sale of the property went to settlement, and the purchasers took possession. According to appellees Schultheiss and Twarog, appellant, along with her siblings and Catherine Nero, "collectively received, shared in and distributed among themselves the purchase money paid" for the property.

Appellant issued a written demand to Mr. Schultheiss and Ms. Twarog to vacate the property to allow her to exercise her rights under the 1982 deed, a 1/3 interest in fee simple and a life estate in the other 2/3 of the property. Mr. Schultheiss and Ms. Twarog refused to move out. On August 24, 2005, appellant filed a complaint to quiet title and to eject Mr. Schultheiss and Ms. Twarog from the property, claiming that the 2000 deed conveying the property to them was invalid, because the grantors (Lori Thomas as personal representative of Allene Nero's estate and Catherine Nero) did not own the interest they purported to convey. Appellant argued that when Allene Nero executed the 1992 deed, she held only a life estate with no power to sell, encumber, or transfer the property in fee simple. Because the 1992 deed was a nullity, it did not transfer ownership interests to either Allene Nero (and subsequently, her estate) or to Catherine Nero.

After answering appellant's complaint, Mr. Schultheiss and Ms. Twarog filed a third-party complaint for negligent performance of title examination services

against appellee Troese Title. Mr. Schultheiss and Ms. Twarog also asked the court for a declaratory judgment that they are the sole owners of the property, and to quiet title against those granted remainder interests upon the death of appellant (i.e., after the lapse of her claimed life estate) in the 1982 deed, which included appellees Albert Nero, Lois Thomas, Jimmy Nero, Curtis Nero, Ronald Nero, and Catherine Nero. On March 23, 2006, Troese Title filed a motion for partial summary judgment, with respect to the third-party complaint against it. Troese argued that the 2000 deed conveying title to its clients, Mr. Schultheiss and Ms. Twarog, was valid because the 1982 deed had created a tenancy by the entirety between Johnson and Allene Nero in fee simple, rendering void the deed's language purporting to create only a life estate. As a result, argued Troese Title, the claim of title ran through Allene Nero's subsequent transfers after she survived her husband (by deed to Catherine Nero and by will to Lori Thomas as personal representative of her mother's estate), and their deed conveying the property to Mr. Schultheiss and Ms. Twarog. Mr. Schultheiss and Ms. Twarog filed a motion adopting Troese's Title's position. Appellant opposed both motions, and filed the affidavit of an expert D.C. title examiner, whose opinion supported appellant's contention that pursuant to the 1982 deed,

she had a life estate in 2/3rds of the property, as well as 1/3rd interest in fee simple.

On October 10, 2006, the Superior Court held a hearing, and, in an oral ruling, granted the motions for summary judgment filed by Troese Title, Mr. Schultheiss and Ms. Twarog.[2] The trial court reasoned that because a "tenancy by the entirety is not limited by years and is not an estate for life," the language in the 1982 deed which purported to create a tenancy by the entirety in a life estate (for appellant's parents Johnson and Allene Nero), was "in effect a legal nullity." The trial court interpreted the 1982 deed as conveying the property in fee simple, as tenants by the entirety, to Johnson and Allene Nero, and "upon the death of Johnson Nero his surviving spouse in effect took full legal title to the property to devise as she saw fit." The trial court also concluded, in the alternative, that appellant's claim to ownership of the property was in essence a challenge to Allene Nero's will, based on its understanding that once Allene Nero survived her husband, and had full ownership of the property, it had then passed through her will. As a result, the trial court held, appellant's claim was barred by the six-month statute of limitations governing the contest of a will. *See* D.C.Code § 20–305 (Supp.2001). On appeal, appellees' arguments mirror the trial court's reasoning and conclusions.[3]

2. Although Troese Title filed a motion for "partial" summary judgment on the third party claim filed against it, the trial court's order was final because it effectively disposed of the entire case on the merits. *See In re Estate of Chuong,* 623 A.2d 1154, 1157 (D.C.1993). Accordingly, we have jurisdiction over this appeal. *See* D.C.Code § 11–721(a)(1).

3. Appellees make several other arguments on appeal. Troese Title argues that appellant is estopped from bringing the claim because she allegedly received funds from the estate, including proceeds from the sale of the property to Mr. Schultheiss and Ms. Twarog. Appel-

lees Schultheiss and Twarog argue that there were questions regarding the creation and execution of the 1982 deed, and that appellant has waived the argument that the deed was ambiguous because she did not make it in the trial court. Appellant, we note, does not argue that the 1982 deed is ambiguous; rather, she claims that it clearly gave her the interests she asserts. In any event, none of appellees' contentions is relevant to the trial court's ruling, and we do not address them on appeal. Nor do they appear to have been raised in the trial court. *See Gillespie v. Washington,* 395 A.2d 18, 21 (D.C.1978) (citations

## II.

We review the trial court's grant of summary judgment *de novo. See Joyner v. Sibley Mem'l Hosp.*, 826 A.2d 362, 368 (D.C.2003). In doing so, "we conduct an independent review of the record, and our standard of review is the same as the trial court's standard in considering the motion for summary judgment." *Id.* "A motion for summary judgment should be granted whenever the court concludes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

█ At issue in this appeal is a single legal question: whether a life estate can be held as a tenancy by the entirety. Pursuant to the plain language of D.C. statutory law governing estates in land, we hold that it can. The two pertinent sections of the statutory law are "Recognized estates," D.C.Code § 42–501, and "Tenancies in common, tenancies by the entireties, and joint tenancies," D.C.Code § 42–516. Section 42–501 sets out the several types of interests in land recognized in the District of Columbia. It provides that "Estates in land in the District shall be estates of inheritance [i.e., a fee simple], *estates for life,* estates for years, estates at will, and estates by sufferance." D.C.Code § 42–501 (emphasis added). Section 42–516 addresses the manner in which two or more people may jointly own such interests: "An interest in property . . . may be granted . . . to . . . grantees in tenancy in common, joint tenancy, or tenancy by the entirety." D.C.Code § 42–516(b)(2). These two sections address different issues—the types of estates in land and the manner of joint ownership—and in no way qualify or restrict each other. Section 42–516 does not regulate what kind of estates may be

held as tenancies in common, tenancies by the entirety, or joint tenancies; nor does section 42–501 preclude any of the recognized estates from being held in any of the forms of joint ownership listed in section 42–516.

█ It appears that the trial court and appellees have conflated these two different concepts. Moreover, in support of the erroneous proposition that a life estate may not be held as a tenancy by the entirety, they rely on case law which is not on point. The trial court cited *Settle v. Settle,* 56 App.D.C. 50, 50–51, 8 F.2d 911, 911–12 (1925), which held that a conveyance to a husband and wife "and the survivor of them, as joint tenants, in fee simple interests in equal shares in said land" is to be construed as a tenancy by the entirety, and that neither spouse acting alone is entitled to partition their jointly owned property. Although in *Settle* the deed conveyed to the husband and wife a fee simple interest, the court did not restrict all tenancies by the entirety to fee simple interests. The trial court also relied on *Coleman v. Jackson,* 109 U.S.App. D.C. 242, 286 F.2d 98 (1960), which construed a deed that purported to convey property to an unmarried couple as "tenants by the entirety," as creating a joint tenancy with a right of survivorship. In doing so, the court recognized that a tenancy by the entirety was restricted to married couples, but sought to enforce the intent of the parties. Noting that "[t]he words 'tenants by the entireties' are an expression of intent that the court cannot ignore," the court held that the words " 'tenants by the entirety' mean in law that the parties wanted the property to be inalienable by either during their joint lives,

omitted) ("It is a well-established rule that a party who fails to raise an issue at trial generally waives the right to raise that issue on

appeal. This rule applies specifically in a case of summary judgment.").

and on the death of one they wished *the survivor to take all.*" 109 U.S.App. D.C. at 246, 286 F.2d at 102 (footnote omitted; emphasis added). In this case, where the 1982 deed used the words "tenancy by the entirety" the trial court misunderstood *Coleman* as requiring that "under these circumstances, upon the death of Johnson Nero his surviving spouse in effect took full legal title to the property to devise as she saw fit." But *Coleman,* in stating that the survivor should "take all," never defined the "all" that the surviving spouse took as a fee simple interest. Rather, where a tenancy by the entirety is created, the survivor takes "all" of *whatever* estate in land the husband and wife owned jointly, that is, the survivor takes the whole, based on the notion that husband and wife constitute a unit.[4] What that "all" is, however, depends on the type of estate created, and could be an estate for years, a life estate, or a fee simple interest. Thus, where a deed conveys a life estate to be held as tenants by the entirety, the surviving spouse takes all of the life estate.[5]

Our holding that a life estate may be held as tenants by the entirety is not only grounded in our statutory law, but is also supported by authority from other jurisdictions and legal commentators. In *Literski v. Literski,* 166 Md. 641, 171 A. 874 (1934), for example, the Maryland Court of Appeals held that a deed conveying to a husband and wife "as tenants by the entireties for the term of their natural lives,"

*id.* at 875, created a life estate held as tenants by the entirety, with the survivor holding a life estate. *See id.* at 876–77. *Literski* recognized that when "husband and wife held as tenants by entireties, being in law one person[,] ... upon the death of one, *the whole interest or estate of both survived to the surviving spouse,"* *id.* at 876 (emphasis added), and construed the "whole interest or estate" of the survivor to mean the life estate held as tenants by the entirety, which need not be a fee simple interest.[6] *See also Harmon v. Thompson,* 223 Ark. 10, 263 S.W.2d 903, 905 (1954) (interpreting deed as conveying tenancy by entirety in life estate); *Bell v. Hackler,* 211 Tenn. 518, 365 S.W.2d 900, 901 (1963) (holding that deed created life estate held as tenants by the entirety); *Bullock v. Porter,* 365 Mo. 572, 284 S.W.2d 598, 601 (1955) (interpreting deed as creating life estate as tenants by the entirety). *See generally* RESTATEMENT OF PROP. § 114 (1936) ("Estates for life can be created ... to be held in any form of concurrent ownership permitted...."); 2 JAMES KENT & GEORGE FRANKLIN COMSTOCK, COMMENTARIES ON AMERICAN LAW 132 (1866) (explaining that tenancy by the entirety "arises from the unity of husband and wife, and it applies to an estate in fee, for life, or for years").

We conclude that the law permitted Johnson and Allene Nero to convey to themselves a life estate held as a tenancy by the entirety. If they did so in the 1982

---

4. As a result of the concept that a "married couple constitutes a unit," neither spouse in a tenancy by the entirety may alienate or encumber the property acting alone, but both parties may do so acting together. *Cf. Morrison v. Potter,* 764 A.2d 234 (D.C.2000); *see also* 7 POWELL ON REAL PROPERTY § 52.03[4] ("Both spouses acting in concert can convey or encumber their tenancy by the entirety, as may one spouse acting as the agent of the other.").

5. Usually the life estate is for the duration of the survivor's life, but a life estate may be measured by the life of another person.

6. The deed in *Literski* had an additional element, not present here, for the life estate came coupled with a power to sell the property during the life estate. The Maryland court held that the surviving spouse also had that power, which could, if exercised, defeat the remainder interests. 171 A. at 876–77.

deed, the 1992 deed, in which Allene Nero conveyed an undivided 8/9th interest in the property in fee simple to herself, and an undivided 1/9th interest in fee simple to Catherine Nero, would have been a nullity insofar as it purported to convey any estate greater than the one she owned. *See Ackerman v. Abbott,* 978 A.2d 1250, 1255 & n. 7 (D.C.2009) (discussing principle of *"Nemo dat quod non habet* (no one can give what he does not have)"). For the same reason, no interests in the property would have passed under the will after Allene Nero died. This would mean that Lori Thomas, as personal representative of Allene Nero's estate, and Catherine Nero (as a grantee of the null 1992 deed), would have had no interest in the property to convey to Mr. Schultheiss and Ms. Twarog in the 2000 deed.

Because the trial court's grant of summary judgment was grounded on a misconception of the applicable legal principles, we reverse and remand for further proceedings, consistent with this opinion.[7]

*So ordered.*

---

7. As noted, the trial court also held that appellant's complaint was barred by the six-month statute of limitations period governing challenges to the validity of a will. *See* D.C.Code § 20–305. Whether that statute of limitations barred appellant's complaint will depend on whether rights to the property transferred through the 1982 deed or Allene Nero's will. We also do not address the estoppel arguments made by Mr. Schultheiss and Ms. Twarog, which are fact-specific and were not decided by the trial judge. See note 3, *supra.*