LILLIE V. HAMMOND et al. *v.* FRANK A.
HAMMOND et al.

FRANK A. HAMMOND *v.* SAFE DEPOSIT & TRUST
COMPANY, TRUSTEE, et al.
[Nos. 5, 6, October Term, 1930.]

*Decided November 13th, 1930.*

The causes were argued before BOND, C. J., URNER, OF-
FUTT, DIGGES, PARKE, and SLOAN, JJ.

564

*B. Harris Henderson,* with whom was *George M. Mullen* on the brief, for Lillie V. Hammond and Emma B. Hammond, appellants.

*Henry H. Waters,* for Frank A. Hammond, appellant.

*Charles McH. Howard,* for the Safe Deposit and Trust Company, Trustee, appellee.

URNER, J., delivered the opinion of the Court.

An owner in fee simple of certain real estate in Baltimore conveyed it to one who immediately reconveyed it to the first grantor by a deed purporting in the granting clause to transfer a fee simple title, but containing an habendum clause, which defined the regranted estate as being vested in the grantee for his life only, with power of disposition by sale, lease, or mortgage, and with remainder to three of his children, as joint tenants, if the reserved powers were not exercised. Subsequently the original owner, and grantor in the first deed, executed a will bequeathing in trust a pecuniary legacy, for the payment of which his personal estate, at the time of his death, six years later, was insufficient. The trustee under the will, invoking the rule that an habendum repugnant to the granting clause in a deed is inoperative, has advanced the theory that the reconveyance to the first grantor effected no change in the fee simple title with which he was previously invested, and that, not having disposed of the property in his lifetime, it passed as his absolute estate under the residuary clause of his will, subject to the charge of the pecuniary legacy to the extent of the deficiency resulting from the inadequacy of his remaining estate. The decree below adopted and applied that theory, and those who would be entitled in remainder under the habendum clause of the second deed have appealed.

The record discloses independent circumstances tending to confirm the purpose which the habendum clause in question indicates. But the fact that its provisions represent the sole object for which the two deeds were executed and recorded is

perfectly clear from the method of conveyance and re-transfer thus employed. Unless the habendum is given effect, the execution of the deeds was wholly futile. It was obviously intended that they should accomplish a change of title. If the habendum should be ignored as technically repugnant to the granting clause in the second deed, the title would be in precisely the same tenure as though neither of the deeds had been executed. Therefore, to hold the habendum nugatory would be to defeat the manifest design of the two formal conveyances.

Ordinarily, the rule which prefers the granting clause to an inconsistent habendum is applied when a deed must be construed with exclusive reference to its own terms. It is the purpose of the rule to determine which of the two conflicting provisions in the deed shall prevail when the deed itself does not solve the problem. But when the real and specific intention is evident from the process of conveyance of which the particular deed forms a part, there is no occasion to utilize the conventional rule of construction just mentioned. The deed containing the habendum under inquiry must be construed in connection with the preceding grant, in immediate pursuance of which it was executed and delivered. The only actual consideration for either deed was the patent purpose of the first grantor to invest himself with a different title from that which he already held. That purpose is as plainly demonstrated by the coincident execution of the two deeds, as if it had been definitely stated in both instruments. The application of the rule invoked in this case is not required by any uncertainty arising from conflicting expressions of intention in a deed which must be separately considered, but it would frustrate the palpable design of dual and interdependent conveyances and render them entirely meaningless and useless.

The cases in which this court has applied the rule that the habendum, if repugnant, must yield to the granting clause, were not concerned with interrelated deeds, but with the interpretation in each instance of an individual deed and with the question of preference as between its two irreconcilable

descriptions of the title to be conveyed. *Budd v. Brooke,* 3 Gill 147; *Farquharson v. Eichelberger,* 15 Md. 63; *Winter v. Gorsuch,* 51 Md. 180; *Link v. MacNabb,* 111 Md. 641; *Marshall v. Safe Deposit Co.,* 101 Md. 1; *Prichett v. Jackson,* 103 Md. 696; *Brown v. Hobbs,* 132 Md. 559. Under the special conveyancing conditions presented in this case it is permissible and proper to apply the cardinal rule that a deed should be so construed as to effectuate the intention of the parties, if that result is possible without violation of any principle of law. *Brown v. Reeder,* 108 Md. 653; *Marden v. Leimbach,* 115 Md. 206; *Weinbeck v. Dahms,* 134 Md. 464; *Logsdon v. Brailer Mining Co.,* 143 Md. 463; *Maryland State Fair v. Schmidt,* 147 Md. 613. In our judgment there is no rule of law or construction which prevents the recognition and fulfillment of the clear and only purpose to which the deeds involved in this case were directed.

*Decree reversed, with costs, and cause remanded
for a decree in conformity with this opinion.*