BOWIE *v.* BOWIE ET AL.

[No. 80, October Term, 1955.]

624

*Decided January 11, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Eugene M. Childs* and *LeRoy Bald,* with whom were *Morgan L. Amaimo* and *Childs & Bald* on the brief, for the appellant.

*Charles P. Coady, Jr.,* and *Rignal W. Baldwin,* with whom were *Semmes, Bowen & Semmes* and *Coady & Farley* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order sustaining a demurrer to a bill of complaint filed on December 29, 1954 praying a declaratory decree for the construction of a deed. Such an order is appealable in equity, despite the failure to pass a final order dismissing the bill. *Karger v. Stead,* 192 Md. 230, 232; *Young v. Cockman,* 182 Md. 246, 249.

John Bowie, father of the parties to this suit and a widower, executed a deed to the appellees of two tracts of land located in Anne Arundel County on October 3, 1944. The instrument was duly recorded on November 2, 1944. He died intestate on April 3, 1953 leaving as his only heirs at law four children, all *sui juris,* who are parties to this suit, although Henry Bowie has taken no active part therein. There has been no administration upon the estate of John Bowie.

The instrument begins with the words "This Deed". The granting clause recites: "Witnesseth, that for and in consideration of the sum of one dollar ($1.00) and other good and valuable considerations thereunto moving from the parties of the second part unto the parties [sic] of the first part, the receipt of which is hereby acknowledged, the said John Bowie, does bargain and sell and by these presents does grant and convey, unto John Bowie, Jr. and Frances Bowie Baldwin, the parties of the second part, all of the rest and remainder, after the death of the said John Bowie, in and to all of those two tracts of land ***." Two specific tracts are then described.

The habendum clause provides: "To have and to hold all the rest and remainder after the death of the grantor herein, in the above described land and premises unto and to the proper use and benefit of the said John Bowie, Jr. and Frances Bowie Baldwin, as tenants in common, their heirs and assigns forever in fee simple." The instrument also contains these covenants: "And the said party of the first part does hereby covenant to warrant specially the remainder in said property herein conveyed, and that he will execute such other and further assurances as may be requisite."

The appellant contends that the instrument cannot be given effect as a deed, because it shows merely a testamentary intent to pass title in the event of the grantor's death. It is alleged that the instrument "has no legal force or effect other than to constitute a cloud upon the petitioner's title to a one-fourth undivided interest in said property." We think the contention is without merit. Code (1951), Article 21, Section 13, cited by the appellant, merely provides that deeds, if duly executed, acknowledged and recorded, shall be effective when they describe, in addition to the names of the parties and a description of the property sufficient to identify it with reasonable certainty, "the interest or estate intended thereby to be conveyed." Code (1951), Article 21, Section 17, states that the word "grant" shall be construed to pass the whole interest or estate, "unless there be limitations or reservations showing by implication or otherwise, a different intent." In the instant case there is a manifest design on the part of the grantor to convey an interest in the described property, which would be utterly frustrated by a construction that would nullify the conveyance. Cf. *Hammond v. Hammond*, 159 Md. 563, 565, and note 31 A. L. R. 2d 532, 552.

The interest is aptly described as a "remainder", which is a word of art, limited by the words "after the death of the grantor". We think a life estate is reserved by implication. Words in a devise that call for a gift over upon or after the death of the first taker have often been construed to create a life estate by implication. See *Restatement, Property,* §116; *Miller, Construction of Wills,* §115; and *Tiffany, Real Property* (3d ed.), §52. We see no reason why the same construction should not be given to a conveyance by deed. Cf. *Merck v. Merck,* 65 S. E. 347 (S. C.). The question is simply one of intention, for it is clear that an estate may be created to commence in enjoyment upon the grantor's death. *Beranek v. Caccimaici,* 157 Md. 144, 146. See also *Tiffany, Real Property* (3d ed.), §359. This is true even where a power of disposition is reserved to the life tenant. *Takacs v. Doerfler,* 187 Md.

62, 66. In the instant case we not only have the word "remainder", but the term is explained in the covenant clause as "the remainder in said property herein conveyed", which clearly imports a present intention to convey. Another applicable rule of construction is that a deed should be construed most strongly against the grantor. *Maryland State Fair v. Schmidt,* 147 Md. 613, 621; *Hewitt's Appeal,* 55 Md. 509, 513.

Since we think the language of the deed is clear, it is unnecessary to discuss the appellees' contention that the deed should be given effect in any event as a covenant to stand seized, citing among other cases, *Murray v. Kerney,* 115 Md. 514, 518.

The appellant contends that the Chancellor should not have decided the case on demurrer, but should have required an answer and have permitted the appellant to introduce evidence to aid in the construction of the deed, or have permitted amendment of the bill. We find no merit in these contentions. It is well settled that parol evidence is not admissible to vary the plain meaning of a written instrument, as the cases heretofore cited demonstrate. See also *Weiprecht v. Gill,* 191 Md. 478, 484. If there were other circumstances surrounding the execution of the deed that might be relevant, it was incumbent upon the complainant to allege them. There was no proffer of this, nor does it appear that the Chancellor was ever asked for leave to amend.

The only extraneous circumstance mentioned in the bill, is an allegation that John Bowie, in his lifetime and after the recording of the deed here in question, disposed of some 30 acres to the United States Government. But it appears that this was as a result of a condemnation proceeding to which the appellees were made parties along with John Bowie, so that the disposition is without significance.

*Order affirmed, with costs.*