550 A.2d 413

**Violet E. KNELL**

v.

**Jesse Annabelle PRICE, Individually, etc.**

**No. 364, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Dec. 1, 1988.

Certiorari Granted March 6, 1989.

Elise Davis, Chestertown, for appellant.

Robert H. Strong, Jr., Chestertown, for appellee.

Argued before GARRITY, ALPERT and WENNER, JJ.

WENNER, Judge.

This appeal was spawned when appellant, Violet E. Knell, filed suit in the Circuit Court for Kent County against appellee, Jesse Annabelle Price, the personal representative of her husband's estate, to set aside certain deeds entered into by her husband during his lifetime. After the circuit court (Boyer, J.,) upheld the validity of the deeds, appellant noted this appeal. She contends that:

I. The trial court erred when it resolved the conflict between the granting and habendum clauses in the deed from the trustee to the decedent in favor of the habendum clause.

II. The trial court erred when it found that the deeds executed by the decedent and trustee on December 19, 1978 were not for the purpose of fraudulently depriving appellant of her statutory share in the Mercer Avenue property.

We shall affirm the judgment of the circuit court.

Appellant and William A. Knell were married on January 11, 1938. They lived together until 1960 when, due to marital difficulties, they separated. Although they remained separated from 1960 until Mr. Knell's death in 1987, no separation agreement was ever executed nor were they ever divorced. During the separation, appellant continued to occupy the home on Haven Road in Rock Hall, Maryland, which she and her husband had purchased in 1955. Upon Mr. Knell's death, that property became hers as surviving tenant by the entirety.

In late 1960, after the separation, Mr. Knell began living with the appellee in Baltimore County. He continued to live with her until his death. During that time appellee served as Mr. Knell's nurse, homemaker, cook and companion.

In October 1978, Mr. Knell purchased a home on Mercer Avenue in Rock Hall, Maryland, which he shared with appellee and which is the subject of this litigation. The Mercer Avenue property was titled in his name. Two months after acquiring it, Mr. Knell conveyed the Mercer Avenue property to a trustee who immediately reconveyed the property to Mr. Knell. Although the granting clause of the deed from the trustee purported to convey the Mercer Avenue property to Mr. Knell in fee simple, the habendum clause provided that Knell held an estate in the property for his life only, "with the full power unto him to sell, mortgage, lease, convey and dispose (except by Last Will and Testment [sic]) of the whole and entire estate." Finally, the habendum clause provided that if any of the property remained, upon Knell's death it was to go to "Annabelle Price, her heirs and assigns, in fee simple." The deeds were dated and recorded on December 19, 1978.

## I.

Initially, appellant asserts that the trial judge erred when he resolved the conflict between the granting and habendum clauses in the deed from the trustee to Mr. Knell in favor of the habendum clause. We disagree.

The record discloses that appellee lived with and cared for Mr. Knell for about twenty seven years. While she was employed, appellee made monetary contributions to the household. After a stroke forced her to retire from her employment, she continued to perform household chores. After Mr. Knell suffered a series of heart attacks, and during his final illness in 1987, appellee tended to and cared for him, and provided him with companionship and support.

From that evidence, the trial judge found that Mr. Knell intended that appellee receive the Mercer Avenue property upon his death. In order to carry out that intention, Mr. Knell arranged the conveyances which we recounted earlier.

Appellant urges us to hold that the habendum clause must be ignored since it is technically repugnant to the

granting clause. We recognize, however, that unless we give effect to the habendum clause, title to the Mercer Avenue property will be in the same posture as if neither deed had been executed. *See Hammond v. Hammond,* 159 Md. 563, 565, 152 A. 107 (1930). Quite obviously, to take the position urged upon us by appellant would be to defeat Mr. Knell's clear intention.

■ It is, of course, a settled principle that where there is conflict between the granting and the habendum clauses of a deed, the granting clause will ordinarily control. *Literski v. Literski,* 166 Md. 641, 644, 171 A. 874 (1934); *Baden v. Castle,* 28 Md.App. 64, 69, 344 A.2d 171, *cert. denied,* 276 Md. 737 (1975). The purpose of that rule is to determine which of the conflicting clauses should prevail if the deed itself does not resolve the problem. *Hammond v. Hammond,* 159 Md. at 565, 152 A. 107. "[W]hen the real and specific intention [of the grantor] is evident from the process of conveyance of which the particular deed forms a part, there is no occasion to utilize the conventional rule of construction." *Id.*

■ In the case *sub judice,* we believe the trial judge had clear evidence of Mr. Knell's intention; and, he resolved the conflict between the granting and habendum clauses of the deed from the trustee to Knell to effectuate that intention. We hold that in making that determination, the trial judge was not clearly erroneous.

## II.

Appellant also asserts that the trial judge erred in not finding that, by arranging for the deeds complained of, Mr. Knell had fraudulently deprived her of her marital rights in the Mercer Avenue property. Specifically, she argues that since Mr. Knell exercised dominion and control over the Mercer Avenue property until he died, the trial judge should have found that the complained of deeds were merely devices contrived to deny her that portion of his estate

which the law provides to her.   We see it somewhat differently.

■   It is beyond cavil that a husband has the right to convey his property without the assent or knowledge of his wife.   When the conveyance is an absolute, unconditional transfer, it is valid even if the husband made the transfer to deprive his wife of the property upon his death.   *Grove v. Frame*, 285 Md. 691, 696, 402 A.2d 892 (1979).   Thus, the threshold question is whether the decedent retained an interest in or control over the property he attempted to convey.   *Methodist Episcopal Church v. Hadfield*, 53 Md. App. 205, 212, 453 A.2d 145, *cert. denied*, 295 Md. 527 (1982).   "If no control is retained, there can be no fraud." *Id.*

Where the decedent retains an interest in or control over the property, however, the trial judge must determine whether the transfer is a fraud upon the surviving spouse's marital rights.   *Id.*   The trial court is aided in making that determination by the factors explicated by the Court of Appeals in *Whittington v. Whittington*, 205 Md. 1, 106 A.2d 72 (1954).   In *Whittington*, the Court explained:

> In Maryland, the completeness of the transfer and the extent of control retained by the transferor, the motive of the transferor, participation by the transferee in the alleged fraud and the degree to which the surviving spouse is stripped of his or her interest in the estate of the decedent spouse have all been considered material, and no one test has been adopted to the exclusion of all other tests....   [T]here are several other factors which have been or may be considered as pertinent, such as the relative moral claims of the surviving spouse and of the transferees, other provisions for the surviving spouse, whether or not he or she has independent means and the interval of time between the transfer and the death of the transferor.

205 Md. at 12, 106 A.2d 72.

■   In the case at hand, the lower court considered the *Whittington* factors and found that no fraud was commit-

ted. As we said earlier, appellee had lived with Mr. Knell for twenty seven years preceding his death, serving as his housekeeper, nurse, and companion. As we also said, the trial judge found that Mr. Knell intended to give the Mercer Avenue property to the appellee upon his death. Moreover, the trial judge found no evidence to support appellant's contention that Mr. Knell intended to defraud her. Indeed, the court said, "He seems to have regarded his action ... as the moral and equitable thing to do under the circumstances."

The cases cited by appellant are distinguishable from the one before us. For example, in *Jaworski v. Wisniewski*, 149 Md. 109, 131 A. 40 (1925), the decedent and her husband acquired property as tenants by the entirety. When marital difficulties arose, they separated, and as an incident of that separation, appellee bought her husband's interest in the property. Several years later, for the express purpose of preventing her husband from receiving the property upon her death, Mrs. Wisniewski arranged a transfer of the property whereby she retained the property for her life, with the remainder to her children. The Court of Appeals held that, since the clear and avowed purpose of Mrs. Wisniewski's conveyance was to deprive her husband of the property, in order for the conveyances to be valid, she would have had to give up all dominion and control over the property. It was upon that finding that the court held that the transfer was invalid.

In *Hayes v. Henry*, 1 Md. ch. 261 (1848) the decedent's widow brought an action claiming that her husband had conveyed certain property to his paramour solely for the purpose of preventing his wife from getting the property upon his death. The property in question was purchased by the decedent on April 2, 1844. The decedent immediately conveyed the property to his paramour, who reconveyed the property to him seven days later.

The court found that the decedent had not parted with possession but rather that he bought, lived on and died on the property. The court also found that the decedent's *sole*

purpose for making that transfer was to deprive his widow of her share of his estate. It was upon that finding that the court held that the transfer was invalid.

In sum, in both *Jaworski* and *Hayes,* the court found that the decedents had transferred property for the sole purpose of depriving their spouses of their marital rights. On the other hand, in the case *sub judice,* the trial judge found from the evidence before him that Mr. Knell had no such intent. Rather, the trial judge concluded that Mr. Knell had intended to make a gift of the Mercer Avenue property to the person who had lived with him, cared for him, and been his companion for twenty seven years. We hold that in making that determination the trial judge was not clearly erroneous.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.